Christie Lou **FAUBIAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45003.

Court of Criminal Appeals of Texas.

May 24, 1972.

Jones, Blakeslee, Minton, Burton & Fitzgerald by Roy Q. Minton, Charles R. Burton and John L. Foster, Austin, for appellant.

Robert O. Smith, Dist. Atty., and Michael J. McCormick, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction was for the possession of heroin; the punishment, four years imprisonment.

The sufficiency of the evidence is not challenged. The heroin was obtained and taken from the appellant's possession by officers armed with a search warrant.[1]

The appellant first urges that the heroin was unlawfully obtained; therefore, it should not have been admitted into evidence. The specific contention is that "the affidavit for such search warrant was insufficient in law to authorize the issuance of the search warrant in that it does not allege that the described narcotics were possessed contrary to law."

The affidavit for the search warrant alleged that the "suspected party has possession of and is concealing at said suspected place the following described personal property, to-wit: Heroin and Marihuana."

The failure of the affidavit to make the conclusory allegation that the heroin was unlawfully possessed does not render the affidavit fatally defective because heroin may not be lawfully possessed under the provisions of the law. See Article 725b, Vernon's Ann.P.C. The appellant's argument that some narcotics under some circumstances may be lawfully possessed has no application to the facts and circumstances here where the affiant requested the issuance of the search warrant for the possession of heroin which may not be pos-

1. This is a companion case with that of Ronald William Arnott (No. 44,824).

sessed lawfully. See and compare Cummins v. State, 478 S.W.2d 452 (Tex.Cr. App., April 5, 1972).

The appellant's remaining contention is that the search warrant affidavit is defective because "it fails to allege that contraband narcotics were being concealed at the described place, but only alleged that certain 'personal property' was being there concealed, and contraband narcotics are not 'personal property' under the law."

 The allegation that heroin was being possessed and concealed was sufficient to allege that "contraband narcotics" were being possessed. If the officer-affiant's description of heroin as personal property is technically incorrect, that is not sufficient to vitiate the search warrant affidavit.

The judgment is affirmed.

Opinion approved by the Court.