Thomas O. MASON, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–91–574–CR.

Court of Appeals of Texas,
Corpus Christi.

July 30, 1992.

Discretionary Review Refused
Dec. 23, 1992.

Richard L. Manske, Manske & Manske, El Campo, for appellant.

Daniel W. Shindler, Dist. Atty., Bay City, and Robinson C. Ramsey, Wharton, for appellee.

Before FEDERICO G. HINOJOSA, Jr., KENNEDY and SEERDEN, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

Thomas O. Mason appeals his probation revocation. By five points of error, he complains that the trial court erred in failing to suppress evidence obtained pursuant to a search warrant. We affirm the trial court's judgment.

The AppleTree grocery store on Boling Highway in Wharton, Texas has a drop off point for United Parcel Service. On August 21, 1991, Donald Janik, an AppleTree employee, contacted the Wharton police and told them that he suspected appellant had dropped off a parcel containing illegal drugs. The parcel indicated that it was from Tommy Mason, # 26 Bernstein Dr., Wharton, Tx. Officers Guin and Kueker arrived at the AppleTree store ten minutes later, at 4:00 o'clock p.m. Janik took the package and some other boxes to the back of the store and lined them up against a wall. Some of the boxes contained grocery items while others were empty. Janik told Kueker that Mason's former wife was his first cousin, that he knew Mason had been convicted of possession of methamphetamine, that this was the seventh package Mason had forwarded to the same address in Oklahoma since May 19, 1991, and that Mason claimed each package contained an automobile alarm.

During this time period, the UPS driver arrived to collect the day's parcels. Since AppleTree has the option to hold suspicious parcels, Janik instructed an AppleTree employee to tell the driver that no packages were to be sent that day.

Five minutes later, Officer Lynch arrived with Bo, a narcotics dog. Bo alerted on appellant's package, and the police seized it. Officer Kueker completed an affidavit for a search warrant, stating:

1. THERE IS IN WHARTON COUNTY, TEXAS A SUSPECTED PLACE DESCRIBED AND LOCATED AS FOLLOWS: A brown paper package, completely wrapped in cellophane tape, measuring approximately 14 inches in length, five and one half inches in height, and six inches in width. The package is addressed to Judy Hulsey[,] 9208 South Hillcrest[,] Oklahoma City, Oklahoma. The package is addressed from Tommy Mason[,] # 26 Bernstein Dr.[,] Wharton, Tx., and labeled UPS Next Day Air, and has a reference number of 10814698.

2. SAID SUSPECTED PLACE IN CHARGE OF AND CONTROLLED BY EACH OF THE FOLLOWING NAMED PARTIES (HEREINAFTER CALLED "SUSPECTED PARTY" WHETHER ONE OR MORE) TO–WIT: Donald Janik white male date of birth 03–12–57.

3. IT IS THE BELIEF OF AFFIANT, AND AFFIANT HEREBY CHARGES AND ACCUSES THAT SAID SUSPECTED PARTY INTENTIONALLY AND KNOWINGLY HAS POSSESSION OF AND IS CONCEALING AT SAID SUSPECTED PLACE THE FOLLOWING DESCRIBED PERSONAL PROPERTY, TO–WIT: Unknown quantity of Controlled Substance believed to be Methamphetamine.

4. AFFIANT HAS PROBABLE CAUSE FOE [sic] THE SAID BELIEF BY REASON OF THE FOLLOWING FACTS, TO–WIT: Affiant is a Police Officer as described in Article 2.12 of the Texas Code of Criminal Procedure. Affiant has been employed as a Peace Officer for 10 years and is currently assigned as a Narcotics Investigator with the Wharton Police Department. Affiant has received specific training in the investigation of Narcotic related crimes. On August 21, 1991[,] affiant was contacted by Donald Janik, manager of the AppleTree Store

located at 115 E. Boling Highway. Mr. Janik stated that the store is a UPS Express Shipping Center. Mr. Janik stated that a white male personally known to him as Tommy Mason, brought in a package to be shipped UPS. Mr. Janik stated that this was the seventh package Mr. Mason has shipped to the same person at the same address since May 19, 1991,[,] and each time the items was [sic] said to be an Automobile Alarm. Mr. Janik stated that he knows Mr. Mason has reputation on being involved in drug related activities and has been convicted of possession of Methamphetamine. Mr. Janik stated that as he knows Mr. Mason's last occupation was a truck driver. Mr. Janik stated that based on this information, he believes Mr. Mason is shipping narcotics by way of UPS. Affiant went to the AppleTree Store and met with Mr. Janik. The package was labeled, from Tommy Mason to Judy Hulsey, for next day air delivery. Affiant checked the shipping records and found that Mr. Mason had shipped six other packages to Judy Hulsey on April 19, 1991, May 1, 1991, May 16, 1991, May 28, 1991, June 12, 1991, and June 23, 1991. Mr. Janik has no known criminal record. Affiant has personal knowledge of Mr. Janik[']s reputation in the community as a law abiding and trustworthy citizen. Mr. Janik took the package to the back room of the store where it was placed on the floor with five other similar packages. Officer Terry Lynch and Narcotics Detector canine "Bo" were called to the store. Officer Lynch instructed "Bo" to sniff the public air around the six packages. "Bo" alerted on the suspected package, [sic] Mr. Mason left at the store to be shipped. Affiant has personal knowledge that Mr. Mason was arrested on October 3, 1989, for Possession of a Controlled Substance, to wit: Methamphetamine. A search warrant was issued on Mr. Mason's home, at # 26 Bernstein Dr.[,] Wharton, Texas. A subsequent search resulted in the seizure of chemicals, glassware, and other paraphernalia used in the manufacture of Methamphetamine. Mr. Mason was subsequently convicted of possession of a controlled substance. Officer Terry

Lynch and "Bo" are *both* certified by the National Narcotic Detector Dog Association, Inc., in the detection of Marijuana, Cocaine, and Methamphetamine.

At 7:34 p.m. of August 21, 1991, Judge Baker issued a warrant, to which the affidavit was attached, which commanded officers

> to enter the suspected place described in said Affidavit and to search for the personal property described in said Affidavit and to seize same and bring it before me and to arrest and bring before me each suspected party named in said Affidavit.

Officer Kueker then opened the package and found sealed glass jars containing methamphetamine. On August 27, 1991, the State filed a petition to revoke appellant's probation, alleging possession of methamphetamine with intent to deliver. The court issued a capias on that date.

Appellant moved to suppress the evidence obtained pursuant to the warrant, alleging that 1) the affidavit failed to establish probable cause, 2) the issuing magistrate failed to manifest neutrality and detachment, 3) the affiant misled the magistrate by failing to state that his informant did not have probable cause, and 4) the magistrate was not qualified to issue the search warrant. The trial court denied the motion to suppress. Appellant objected at the revocation hearing to the introduction of evidence obtained as a result of the warrant, and the trial court overruled the objection.

By his first point of error, appellant complains that the search warrant was defective because the affidavit failed to establish probable cause. He argues that the warrant failed to sufficiently describe a place to be searched, failed to identify the "suspected party," and failed to establish that a specific crime has been committed.

 Evidence that is obtained as a result of an illegal search and seizure is inadmissible over objection in a probation revocation hearing. *Wilson v. State*, 621 S.W.2d 799, 805 (Tex.Crim.App. [Panel Op.] 1981); *Herrera v. State*, 745 S.W.2d 527, 528 (Tex.App.—Corpus Christi 1988, pet. ref'd). We evaluate the issue of probable cause by measuring the factual sufficiency

of an affidavit and warrant by the totality of the circumstances. *Green v. State*, 799 S.W.2d 756, 757 (Tex.Crim.App.1990). We review technical discrepancies with a judicious eye for the procedural aspects surrounding issuance and execution of the warrant, for to do otherwise would defeat the purpose behind the warrant requirement and provide protection for those to whom the issue on appeal is not based upon the substantive issue of probable cause but of technical default by the State. *Id.* at 757-58. We read the affidavit and warrant together and interpret them in a common sense and realistic fashion. *Id.* at 760; *Cassias v. State*, 719 S.W.2d 585, 587-88 (Tex.Crim.App.1986); *Zule v. State*, 802 S.W.2d 28, 32 (Tex.App.—Corpus Christi 1990, pet. ref'd).

■ The warrant must be sufficient on its face to enable any executing officer to locate and distinguish the property and avoid a reasonable probability of mistaken execution. *Olivas v. State*, 631 S.W.2d 553, 556 (Tex.App.—El Paso 1982, no pet.). The affidavit clearly identifies the package by UPS reference number, addressee, addressor, and size. We find no reasonable probability of mistaken execution.

■ A common sense and realistic interpretation of the affidavit leads us to conclude that the "suspected party" is appellant. He is named as the addressor of the package, as being suspected of shipping narcotics, and as having a prior conviction for possession of narcotics, while Mr. Janik is presented as the informant.

■ Finally, the affidavit sufficiently alleges a violation of the law by alleging that someone is in possession of a controlled substance, though it fails to include a conclusory statement that such possession was illegal. *See Faubian v. State*, 480 S.W.2d 194, 194 (Tex.Crim.App.1972). We overrule appellant's first point of error.

■ By his second point of error, appellant complains that the warrant was defective in that neither the informant nor the narcotics dog are shown to be reliable. This argument misrepresents the affidavit, which shows that "Bo" and Officer Lynch both are certified by the National Narcotic Dog Association Inc. in the detection of

marihuana, cocaine, and methamphetamine. Mr. Janik was not an unknown informant, but an identified private citizen. The credibility and reliability of information from a private citizen whose only contact with the police occurs in the citizen's role as a witness is inherent. *Tribble v. State*, 792 S.W.2d 280, 284 (Tex.App.—Houston [1st Dist.] 1990, no pet.). We overrule appellant's second point of error.

By his third point of error, appellant complains that the magistrate was not qualified to issue a search warrant for personal property under TEX.CODE CRIM.PROC. ANN. art. 18.02(10) (Vernon Supp.1992). He argues that only magistrates who are licensed attorneys have the authority to issue warrants for search and seizure of personal property.

■ After examining the search warrant, we conclude that it was not an article 18.02(10) "evidentiary" search warrant. Rather, it was a warrant authorizing the search for and seizure of drugs kept, prepared, or manufactured in violation of the laws of this State. *See Martin v. State*, 727 S.W.2d 820, 821 (Tex.App.—Fort Worth 1987, no pet.); TEX.CODE CRIM.PROC.ANN. art. 18.02(7) (Vernon Supp.1992). We overrule appellant's third point of error.

■ By his fourth point of error, appellant complains that the officers illegally seized the package before obtaining the warrant and without exigent circumstances justifying a warrantless seizure. Appellant did not raise this argument by written motion or by objection to the trial court. It is, therefore, not preserved for review. *Morales v. State*, 745 S.W.2d 483, 488 (Tex. App.—Corpus Christi 1988, no pet.).

By his fifth point of error, appellant complains that the trial court erred by failing to suppress evidence gathered under the invalid search warrant as required by TEX. CODE CRIM.PROC.ANN. art. 38.23 (Vernon Supp.1992). We have found the search warrant valid and therefore overrule appellant's fifth point of error.

We AFFIRM the trial court's judgment.