NUMBER 13-04-181-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

LEONARDO CAMPOS,                                              Appellant,

 

                                           v.

 

THE
STATE OF TEXAS,                                              Appellee.

 

 

 

                  On appeal from the 156th
District Court

                              of Bee
County, Texas.

 

 

 

                     MEMORANDUM OPINION [1]

 

          Before Chief Justice Valdez and Justices
Castillo and Garza

                        Memorandum Opinion by Justice Castillo

 








A jury convicted Leonardo Campos of cocaine
possession.[2]  The trial court sentenced Campos, a repeat
offender,[3]
to fifty years' confinement in the Institutional Division of the Texas
Department of Criminal Justice.[4]  By one issue, Campos asserts the trial court
erred in denying his motion to suppress.[5]  We affirm.

I.  Background

On February 13, 2003,
a warrant was issued against  "Leo
Campos D.O.B.  06-02-1962" and
"others unknown to the affiant but found to be occupants of said premises
and in control of same" at a residence. 
The affidavit indicated that an informant provided the description and
identity of Campos.  The warrant also
stated: "[Y]ou are commanded to enter the suspected place, vehicles, and
premises."  After a description of
the location of the premises, the warrant continues:  

Said suspected place,
in addition to the foregoing description, also includes all other buildings,
structures, places and vehicles on said premises and within the curtilage, if
said premises is a residence, which are found to be under the control of the
suspected party named below and in, on or around which said suspected party may
reasonably reposit or secrete property which is the object of the search
requested herein.  

 








The crux of Campos's
complaint was that the person named and described in both the affidavit for
search, and arrest warrant did not accurately describe the person arrested and
charged in the case, namely, appellant, whose birth date is February 24, 1942.  Campos maintains that, because his arrest was
procured through a defective arrest warrant, the arrest was illegal and, thus,
the evidence was illegally seized and inadmissible. 








The record
demonstrates that officers of the Beeville Police Department were familiar with
Campos and his residence, as they had been utilizing an informant to secure
information regarding drug sales from the premises.  Immediately prior to the raid, Detective
Southmayd had sent in an informant with $20.00 to (1) purchase cocaine, and (2)
confirm that Campos was inside.  While
the officers were at the location, waiting for the informant to leave so they
could execute the warrant, two individuals exited the residence, entered a vehicle
which was on the property, and fled the scene in the vehicle.  Officers followed the vehicle and stopped it
about 500 yards from the location in a nearby parking lot.  The Officers detained and searched both occupants
(Campos and Sonny Ojeda), and also searched the vehicle.  On Ojeda, officers found a pill bottle with
Campos's name on it.  The bottle
contained two packets of cocaine.  Both
Campos and Ojeda were arrested.  Some of
the currency given to the informant was found on Campos.  Subsequently, officers searched and located
cocaine in the pocket of a bathrobe found in the residence described in the
search warrant and affidavit.  Dalia
Campos, the wife of Campos, was in the residence at the time of the search and
was also arrested.  

Campos filed a motion
to suppress all of the evidence obtained pursuant to the warrant but later
abandoned the argument concerning the cocaine found in the bathrobe, and only
argued at the hearing that the evidence obtained from the search of the vehicle
should be suppressed.  The court
overruled the motion and allowed all of the evidence to be admitted at the
trial.  Campos objected when the State
introduced the suppression evidence, and the trial court overruled the
objection.  Campos then participated in
the litigating of the issue of the suppressed evidence, in his
cross-examination of the State's witnesses. 
Campos was convicted of possession and this appeal ensued. 

II.  Analysis

A.  Scope and Standard of Review

 








A trial court's ruling
on a motion to suppress is generally reviewed for abuse of discretion.  Tex.
Crim. Proc. Code Ann. art. 28.01(6) (Vernon 1989); Oles v. State,
993 S.W.2d 103, 106 (Tex. Crim. App. 1999); Maddox v. State, 682 S.W.2d
563, 564 (Tex. Crim. App. 1985) (en banc); Ford v. State, 26 S.W.3d 669,
672 (Tex. App.BCorpus Christi 2000,
no pet.).  At a suppression hearing, the
trial court is the sole finder of fact. 
Arnold v. State, 873 S.W.2d 27, 34 (Tex. Crim. App. 1993).  The trial court is free to believe or
disbelieve any or all of the evidence presented.  Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990).  Thus, in
reviewing a trial court's ruling on a motion to suppress, we give almost total
deference to the trial court's determination of historical facts and
application-of-law-to-fact questions that turn on credibility and
demeanor.  Perales v. State, 117
S.W.3d 434, 437 (Tex. App.BCorpus Christi 2003,
pet. ref'd); Morrison v. State, 71 S.W.3d 821, 827 (Tex. App.BCorpus Christi 2002,
no pet.).  We review de novo
application-of-law-to-fact questions that do not turn on credibility and
demeanor.  Morrison, 71 S.W.3d
at 827.  In the absence of explicit
fact findings, we assume that the trial court's ruling is based on implicit
fact findings supported in the record.  Perales,
117 S.W.3d at 437; see Carmouche v. State, 10 S.W.3d 323, 332 (Tex.
Crim. App. 2000) (recognizing implicit fact findings).  We then review de novo whether the facts,
express or implied, are sufficient to provide legal justification for admitting
the complained-of evidence.  See
Morrison, 71 S.W.3d at 827 (citing Garcia v. State,
43 S.W.3d 527, 530 (Tex. Crim. App. 2001)).








We uphold a trial
court's ruling on a suppression motion if it is reasonably supported by the
record and is correct on any theory of law applicable to the case.  Villarreal v. State, 935 S.W.2d 134,
138 (Tex. Crim. App. 1996); Perales, 117 S.W.3d at 437.  This is true even if the decision is correct
for reasons different from those espoused by the trial court.  Romero, 800 S.W.2d at 543.  Because the trial court did not make explicit
findings of fact, we will review the evidence in the light most favorable to
the trial court's ruling.  Maxwell v.
State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002).  We will not disturb any ruling on a motion to
suppress that is supported by the record. 
Gruber v. State, 812 S.W.2d 368, 370‑71 (Tex. App.BCorpus Christi 1991,
pet. ref'd); see Perales, 117 S.W.3d at 438; Villarreal, 935
S.W.2d at 138. 

In determining whether
a trial court's decision is supported by the record, we ordinarily consider
only evidence adduced at the suppression hearing.  See Rachal v. State, 917 S.W.2d 799,
809 (Tex. Crim. App. 1996).  However,
this general rule is inapplicable where, as in this case, the suppression issue
has been re‑litigated by the parties during trial on the merits.  Id. 
Where the State raises the issue at trial with subsequent participation
in the inquiry by the defense, the defendant has made an election to re‑open
the evidence, and consideration of the relevant trial testimony and evidence is
appropriate in our review.  Id.  Moreover, it would be unreasonable to ignore
trial evidence in our review of the trial court's suppression decision, only to
be confronted by the evidence in our consideration of whether the error was
harmless.  See Tex. R. App. P. 44.2; Rachal,
917 S.W.2d at 809.   

B.  Search and Seizure

The Fourth Amendment
of the United States Constitution and article I, section 9 of the Texas
Constitution guarantee the right to be secure from unreasonable searches and
seizures made without probable cause.  U.S. Const. amend. IV; Tex. Const. art. I, ' 9.  No evidence obtained by an officer or other
person in violation of any provisions of the constitution or laws of the State
of Texas, or of the Constitution or laws of the United States of America, shall
be admitted against the accused in a criminal case. Tex. Crim. Proc. Code Ann. art. 38.23(a) (Vernon 2005);
see  Tex. Crim. Proc. Code Ann. art. 15.02 (Vernon 2005).








We look at both the
arrest and search aspects of the warrant in determining whether the trial court
abused its discretion in denying the motion to suppress.  Moreno v. State, 124 S.W.3d
339, 344 (Tex. App.BCorpus Christi 2003,
no pet).  Just as we will evaluate the encompassing
issue of probable cause by measuring the factual sufficiency when there is an
affidavit and warrant, we will review the totality of the circumstances.  Green v. State, 799 S.W.2d 756, 757
(Tex. Crim. App. 1990).  We review
technical discrepancies with a judicious eye for the procedural aspects
surrounding issuance and execution of the warrant.  Id. at 760.  We read the
affidavit and warrant together and interpret them in a common sense and realistic
fashion.  Id.

In this case, the
warrant authorized the search of "vehicles on said premises." 

Stopping the vehicle
that was observed leaving the residence identified in the search warrant was an
effective execution of the warrant.  The
officers articulated sufficient facts to demonstrate they formed a reasonable
belief that the individuals in the vehicle were involved in illegal activity.  Id. 
Accordingly, the evidence was legally obtained pursuant to the
warrant.   








Further, even if we were to accept Campos's argument
that the warrant was defective as to his identification, it does not negate the
entire warrant.  Mason v. State, 838 S.W.2d 657, 660
(Tex. App.‑Corpus Christi 1992, pet. ref'd).  If there is
sufficient other information in the warrant for the arrest of other
specifically identified individuals, other unknown individuals, or the search
of specific property, which an executing officer can locate and distinguish the person and avoid a
reasonable probability of mistaken execution, then the warrant is valid as to
those persons and property.  Id.
at 660.  In this case, Campos can also be
identified as "unknown others," consistent with the language found in
the warrant.  It was reasonable for the
police officers to suspect that the individuals, including Campos, who exited
the residence and left the scene were targets of the warrant, whether named or
unknown. 

We conclude that the
evidence obtained pursuant to the warrant was legally seized.  Accordingly, the trial court did not abuse
its discretion in denying the motion to suppress.  See Villarreal, 935 S.W.2d at
138; Perales, 117 S.W.3d at 437. 

III.  CONCLUSION

We overrule Campos's
sole issue on appeal and affirm.

 

ERRLINDA CASTILLO

Justice

 

Do not publish.

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and filed

this the 13th day of April, 2006.

 

 

 

 

 

 

 

 

 











[1] See Tex. R. App. P. 47.2, 47.4.





[2] See Tex. Health & Safety Code Ann. ' 481.115(d) (Vernon 2003).





[3] Campos was convicted in 1989 on
seven drug‑related offenses involving controlled substances.  He was sentenced to 30 years' imprisonment in
the Institutional Division of the Texas Department of Criminal Justice.  In 1995 Campos was again convicted of two
drug‑related offenses including delivery of a controlled substance,
marijuana, with a sentence of 10 years. 
He was on two paroles in 2003.





[4] See Tex. Pen. Code Ann. ' 12.42(d) (Vernon Supp. 2005).  





[5] Campos asserts that the trial
court erred when it denied his motion to suppress the illegal arrest, illegal
search and seizure of the evidence, all in violation of the fourth, fifth,
ninth, and fourteenth amendments to the United States Constitution and article
1, sections 9, 10 and 19 of the Texas Constitution.  U.S.
Const. amends. IV, V, IX, XIV; Tex.
Const. art. I, '' 9, 10, 19.