In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00037-CV


______________________________




IN THE MATTER OF THE MARRIAGE OF


LORI ANNE TIERI AND ADOLFO GIOVANNI TIERI

AND IN THE INTEREST OF ADOLFO GIOVANNI TIERI, JR.,

ANTONIO GIOVANNI TIERI, AND LOREN ELIZABETH TIERI,

MINOR CHILDREN




 


On Appeal from the 321st Judicial District Court


 Smith County, Texas


Trial Court No. 06-2174-D




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Adolfo Giovanni Tieri, appellant, filed his notice of appeal March 28, 2008. 

 The clerk's record was filed June 24, 2008, and the reporter's record was filed July 24, 2008. 
Tieri's brief was therefore due August 25, 2008. When neither a brief nor a motion to extend time
for filing the same had been filed by September 25, 2008, we contacted Tieri by letter and informed
him that, if a brief had not been filed by October 10, 2008, the appeal would be subject to dismissal
for want of prosecution. See Tex. R. App. P. 42.3(b), (c). 

 We have received no communication from Tieri. Pursuant to Tex. R. App. P. 42.3(b), we
dismiss this appeal for want of prosecution. 



 Josh R. Morriss, III

 Chief Justice


Date Submitted: October 22, 2008

Date Decided: October 23, 2008



idavits and has stated that the issuing magistrate cannot rely on the\
wholly conclusory statements of the affiant. Gates, 462 U.S. at 239. In Eatmon v. State,\
the Fourteenth Court of Appeals found a warrant to be insufficient under the totality of the\
circumstances test enunciated in Gates when it contained only the bare assertion that the\
informant was "reliable, trustworthy and credible." 738 S.W.2d 723, 724 (Tex.\
App.—Houston [14th Dist.] 1987, pet. ref\'d). Similar to our situation, the warrant contained\
no facts indicating that any of the informant\'s tip was corroborated by independent police\
work. Id. We note that Eatmon does not indicate what the affidavit alleged concerning the\
informant\'s basis of knowledge. See id.
\
'

var WPFootnote5 = '
See Gates, 462 U.S. at 236; Cassias v. State, 719 S.W.2d 585, 590 (Tex. Crim.\
App. 1986). "Corroboration by the police officer means that, in light of the circumstances,\
the officer confirms enough facts to reasonably conclude that the information provided is\
reliable and a detention is justified." Jones v. State, 949 S.W.2d 509, 515 (Tex. App.—Fort\
Worth 1997, no pet.).
\
'

var WPFootnote6 = '
In Davis v. State, the Fort Worth Court of Appeals held that the trial court erred in\
denying the motion to suppress when the anonymous informant had never provided\
information to the police, the affidavit contained no facts concerning the informant\'s\
reliability, and the police only independently corroborated "innocent" details of the\
informant\'s information. 144 S.W.3d 192, 199–200 (Tex. App.—Fort Worth 2004, no pet.);\
see Parish v. State, 939 S.W.2d 201, 204 (Tex. App.—Austin 1997, no pet.); Correll v.\
State, 696 S.W.2d 297, 299 (Tex. App.—Fort Worth 1985, pet. ref\'d).
\
'

var WPFootnote7 = '
The officer testified at the suppression hearing there was no attempt to corroborate\
the information provided by Dean before obtaining the search warrant. \
'

var WPFootnote8 = '
Recently in Rider and Eldridge, this Court, granting great deference to the issuing\
magistrate, held that the issuing magistrate had a substantial basis for concluding probable\
cause existed when the informant had provided information concerning "criminal activity\
in the past which has proven to be correct" and had personally observed the contraband. \
Eldridge v. State, No. 06-02-00189-CR, 2003 Tex. App. LEXIS 9127, at *28 (Tex.\
App.—Texarkana Oct. 27, 2003, pet. ref\'d) (not designated for publication); Rider v. State,\
No. 06-02-00196-CR, 2003 Tex. App. LEXIS 8957, at *17–18 (Tex. App.—Texarkana\
Oct. 22, 2003, no pet.) (not designated for publication). Here, the officer testified that he\
had never met Dean before she made the report and that he had no information regarding\
her reputation for being reliable or truthful. \
'

var WPFootnote9 = '
Several federal courts have found warrants insufficient when the basis of\
knowledge was the personal observation of the anonymous informant. See United States\
v. Wilhelm, 80 F.3d 116, 120 (4th Cir. 1996); United States v. Leake, 998 F.2d 1359, 1365\
(6th Cir. 1993); United States v. Mendonsa, 989 F.2d 366, 369 (9th Cir. 1993); United\
States v. Gibson, 928 F.2d 250, 253 (8th Cir. 1991); United States v. Fields, 182\
F.Supp.2d 575, 579–80 (E.D. Tex. 2002).
\
'

var WPFootnote10 = '
The evidence introduced at the suppression hearing provides several methods by\
which the warrant could have been sufficient. However, the law requires that the affidavit\
in support of the warrant be sufficient to constitute probable cause. The fact that the police\
officer had knowledge sufficient to constitute probable cause does not make a warrant with\
insufficient probable cause valid. "While we must apply the totality of the circumstances\
standard in testing the sufficiency of the affidavit, this application only goes to the\
circumstances included in the affidavit." Barraza, 900 S.W.2d at 843. Testimony during\
the pretrial hearing on the motion to suppress should not be considered in determining if\
the magistrate had a substantial basis for determining that probable cause existed. Id. \
'

var WPFootnote11 = '
The magistrate is confined to the four corners of the affidavit in determining\
whether "there is a fair probability that contraband or evidence of a crime will be found in\
a particular place." Gates, 462 U.S. at 238; see Massey v. State, 933 S.W.2d 141, 148\
(Tex. Crim. App. 1996); Burke, 27 S.W.3d at 654. We note that the affidavit in Morris did\
not specify that the only contact Graham, the informant, had with the police was that he\
had witnessed the crime in question. However, the affidavit referred to Graham by name,\
indicated that Graham was a private citizen, and explained that the information was\
obtained from Graham\'s employer. Morris, 62 S.W.3d at 824. \
'

var WPFootnote12 = '
Article 18.01(i) states an exception that allows any magistrate to issue a warrant\
under subdivision (10) for counties in which the only judges who are licensed attorneys are\
district judges whose districts include more than one county. See Tex. Code Crim. Proc.\
Ann. art. 18.01(i). The record indicates that the statutory county judge in Upshur County\
is a licensed attorney. Subsection (d) of Article 18.01 requires the issuance of a\
subsequent search warrant to be made by "a judge of a district court, a court of appeals,\
the court of criminal appeals, or the supreme court." Tex. Code Crim. Proc. Ann. art.\
18.01(d). The record does not indicate that Elardo\'s residence had been previously\
searched.
\
'

var WPFootnote13 = '
Roberts, 963 S.W.2d at 903. Article 18.02(6) concerns obscene materials kept or\
prepared for commercial distribution. See Tex. Code Crim. Proc. Ann. art. 18.02(6). \
There is no evidence the digital images were kept or prepared for commercial distribution\
or exhibition.
\
'

var WPFootnote14 = '
This Court is aware that the tip was not actually an anonymous tip. As we stated\
in our original opinion, "the police officer had knowledge sufficient to constitute probable\
cause." However, the affidavit in support of the search warrant failed to include sufficient\
information. When the probable cause affidavit fails to identify a source in any way, the\
source is roughly equivalent to an anonymous source. \
'

var WPFootnote15 = '
Johnson was overruled by Heitman v. State, 815 S.W.2d 681, 690 (Tex. Crim.\
App. 1991), to the extent it conflicted with Heitman\'s holding that the Texas courts would\
not be bound by United States Supreme Court decisions concerning the search and\
seizure arguments based on the Texas Constitution.
\
'

function WPShow( WPid, WPtext )
{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'visible'" );
 else
 {
 if( floatwnd == 0 || floatwnd.closed )
 floatwnd = window.open( "", "comment", "toolbars=0,width=600,height=200,resizable=1,scrollbars=1,dependent=1" );
 floatwnd.document.open( "text/html", "replace" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( "\r\n" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( WPtext );
 floatwnd.document.write( '
Close');
 floatwnd.document.write( "
" );
 floatwnd.document.close();
 floatwnd.focus();
 }
}

function WPHide( WPid )
{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'hidden'" );
}



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00060-CR
______________________________


TONY ROY ELARDO, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 115th Judicial District Court
Upshur County, Texas
Trial Court No. 13,526


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          Tony Roy Elardo appeals his conviction by jury trial for thirty-two counts of
possession of child pornography. The sentence was enhanced to a second degree felony
due to a prior felony conviction, and the jury assessed punishment at twenty years'
imprisonment. Elardo argues the trial court erred in denying the motion to suppress
because 1) there was insufficient probable cause, and 2) the magistrate lacked authority
to issue the warrant. We reverse the judgment of the trial court because the issuing
magistrate did not have a substantial basis to determine that probable cause existed. 
Factual Background
          Michelle Dean, the daughter-in-law of Elardo's wife, went to Elardo's home to
retrieve a television set owned by his wife. While in the house, Dean observed Elardo
viewing child pornography on his computer. Dean reported this observation to the police. 
Based on the information provided by Dean, an investigator with the Gilmer Police
Department obtained a search warrant. The search warrant provided that a "reliable
source" had observed Elardo viewing child pornography in his home. Although Dean
testified at the suppression hearing, the warrant did not name Dean except as a "reliable
source," nor did the warrant provide any facts as to why the source was reliable other than
the bare-bones conclusion that the source was reliable. After the magistrate issued the
warrant, the police searched Elardo's residence pursuant to the warrant and seized floppy
disks, CDs, and four computers, that contained over 6,000 images of alleged child
pornography. Elardo was indicted on forty-five counts of child pornography. He filed a
motion to suppress, which the trial court denied after a hearing. 
Discussion
          We first address whether the magistrate who issued the search warrant had a
substantial basis to determine that probable cause existed. While the affidavit in support
of the warrant did contain facts indicating that the information may have been obtained in
a reliable manner by the informant, the warrant did not contain any facts concerning why
the information was reliable or any other indicia of reliability. Under the totality of the
circumstances, the affidavit was not sufficient to constitute a substantial basis for
determining that probable cause existed. We then address whether the magistrate lacked
authority to issue the warrant. We conclude the magistrate did have authority to issue the
warrant in question. 
The Trial Court Erred in Denying the Motion To Suppress
          Elardo argues in his first point of error that the trial court erred in denying his motion
to suppress because the warrant did not contain sufficient facts to provide a substantial
basis to determine that probable cause existed. Specifically, Elardo asserts the warrant
contains no evidence of the "reliable source's" reliability. In addition, Elardo argues that
the phrase "visual material" does not indicate what nature of visual material was observed. 
The State contends the warrant was sufficient because the anonymous informant was a
private citizen. 
          We review the trial court's decision on a motion to suppress evidence by applying
a bifurcated standard of review deferring to the trial court's determination of historical facts
that depend on credibility, but reviewing de novo the trial court's application of the law. 
Burke v. State, 27 S.W.3d 651, 654 (Tex. App.—Waco 2000, pet. ref'd). We review
de novo those questions not turning on credibility and demeanor. Villarreal v. State, 935
S.W.2d 134, 138 (Tex. Crim. App. 1996). Because probable cause to support the
issuance of the warrant is determined from the "four corners" of the affidavit alone, there
are no credibility choices to be made by the trial court in examining the sufficiency of an
affidavit to establish probable cause. Burke, 27 S.W.3d at 654. Thus, we review de novo
the court's ruling on the motion to suppress. Id. We will affirm the trial court's ruling if the
ruling is reasonably supported by the record and is correct on any theory of law applicable
to the case. Roberts v. State, 963 S.W.2d 894, 903 (Tex. App.—Texarkana 1998, no pet.).
          As an exception to the general rule articulated in Guzman,


 the issuing magistrate's
decision to grant the search warrant should be reviewed with a deferential standard of
review. Swearingen, 143 S.W.3d at 811. Great deference should be given to a
magistrate's determination of probable cause, and warrants should not thereafter be
invalidated through a "hypertechnical" interpretation of their supporting affidavits. Illinois
v. Gates, 462 U.S. 213, 236 (1983). Our determination of the sufficiency of an arrest or
search warrant is limited to the four corners of the affidavit. Oubre v. State, 542 S.W.2d
875, 877 (Tex. Crim. App. 1976); Burke, 27 S.W.3d at 654. Granting great deference to
the issuing magistrate's determination, we will sustain the issuance of the warrant if the
magistrate had a substantial basis for concluding that a search would uncover evidence
of wrongdoing. Gates, 462 U.S. at 236; see Swearingen, 143 S.W.3d at 811. "If in a
particular case it may not be easy to determine whether an affidavit demonstrates the
existence of probable cause, the resolution of such doubtful or marginal cases should be
largely determined by the preference to be accorded warrants." State v. Walker, 140
S.W.3d 761, 765 (Tex. App.—Houston [14th Dist.] 2004, no pet.). We interpret affidavits
for arrest or search warrants in a common-sense and realistic manner. Gibbs v. State, 819
S.W.2d 821, 830 (Tex. Crim. App. 1991). The magistrate who reviews an affidavit may
draw inferences from the facts contained in it. Id. 
          The Fourth Amendment to the United States Constitution and Article I, Section 9 of
the Texas Constitution guarantee the right of the people to be secure against unreasonable
searches of their persons, houses, papers, and effects. U.S. Const. amend. IV; Tex.
Const. art. I, § 9. Because of the potential unreliability of statements given by anonymous
informants, the United States Supreme Court developed the Aguilar-Spinelli analysis,
which required a two-pronged test: 1) the informant obtained the relevant information in
a reliable manner, and 2) the informant was reliable.


 In response to "hypertechnical"
interpretations of the Aguilar-Spinelli analysis, the United States Supreme Court
subsequently relaxed the rigid standards in the Aguilar-Spinelli analysis to allow
consideration of the totality of the circumstances. See Gates, 462 U.S. at 230. Because
the focus of inquiry is whether the statements are sufficiently reliable for a finding of
probable cause, a deficiency in one of the two factors of reliability of the informant may not
be fatal if the totality of the circumstances indicates reliability. Id. However, the totality of
the circumstances includes the "veracity," "reliability," and the basis of knowledge of the
informant and the informant's information.


 "[A]n informant's 'veracity,' 'reliability,' and
'basis of knowledge' are all highly relevant in determining the value of his report." Id.
          The warrant in this case provides no facts on which the magistrate could conclude
that the "reliable source" is reliable, nor does the warrant contain any corroboration of the
informant's information or other indicia of reliability. The warrant only contains the
conclusory and bare-bones assertion that the source is reliable. The probable cause
portion of the warrant provides in its entirety:
AFFIANT HAS PROBABLE CAUSE FOR THE SAID BELIEF BY REASON
TO [sic] THE FOLLOWING FACTS, TO WIT:
A RELIABLE SOURCE PROVIDED AFFIANT WITH INFORMATION
THAT HE/SHE HAS BEEN IN THE RESIDENCE DESCRIBED ABOVE
WITHIN LAST 12 HOURS AND HAS SEEN THE VISUAL MATERIAL ON
A COMPUTER IN THE ABOVE DESCRIBED RESIDENCE. THE
RELIABLE SOURCE ALSO WITNESSED THE PARTY NAMED ABOVE,
VIEWING THE VISUAL MATERIAL AT THAT TIME. THE RELIABLE
SOURCE ADVISED THAT HE/SHE HAS KNOWN THE ABOVE PARTY
FOR A NUMBER OF YEARS AND HAS BEEN TOLD ON SEVERAL
OCCASIONS THAT THE PARTY ABOVE KEEPS THIS TYPE OF VISUAL
MATERIAL IN THE RESIDENCE.

While the police officer had other information which, if it had been included, may have
been sufficient, our review is confined to the four corners of the affidavit.
          Although we recognize that our review under the totality of the circumstances test
must be evaluated on a case-by-case basis, we find guidance in the relevant federal and
state caselaw. Elardo cites three Texas cases—Lowery v. State, 98 S.W.3d 398 (Tex.
App.—Amarillo 2003, no pet.), State v. Ozuna, 88 S.W.3d 307 (Tex. App.—San Antonio
2002, pet. ref'd), and Barraza v. State, 900 S.W.2d 840 (Tex. App.—Corpus Christi 1995,
no pet.)—in support of his proposition that the warrant contains insufficient facts to form
a substantial basis to determine that probable cause existed.
          In Lowery, the Amarillo Court of Appeals reversed the trial court's denial of a motion
to suppress. The informant had informed the police "that methamphetamine was cooked
within the previous 24 hours at some unmentioned place by Golden and someone else,
Golden was later found intoxicated, Golden was previously at some unmentioned location
where drug paraphernalia was seized at some time or another, and appellant was
previously arrested for possessing a controlled substance." 98 S.W.3d at 401. The
informant also described the manufacturing process of methamphetamine. Id. The court
specifically noted that the affidavit did not include whether methamphetamine or any
paraphernalia related to the manufacture of methamphetamine would be present and
concluded the warrant contained too many gaps "to be filled with guess, hope, and
surmise." Id. at 402. 
          In Barraza, the Corpus Christi Court of Appeals held that the phrase "reliable and
credible confidential informant" was a mere conclusory statement. 900 S.W.2d at 842. 
The court reversed the trial court's denial of the motion to suppress since there was no
evidence of reliability, no indication how the informant knew the contraband was at the said
location, or any corroboration. Id. at 843.
          In Ozuna, the San Antonio Court of Appeals affirmed the trial court's granting of the
defendant's motion to suppress. 88 S.W.3d at 313. While a named informant said Ozuna
was a heroin supplier and would trade stolen items for drugs, the court held the probable
cause was insufficient since the affidavit contained no evidence connecting the heroin to
the premises. Id. In addition, the court noted that the affidavit presented no evidence the
informants had been used in the past and proven to be reliable. Id.
          These cases, while providing some support for Elardo's position, are distinguishable. 
Nonetheless, we agree that a substantial basis did not exist in the instant case for the
issuing magistrate to determine that probable cause existed. The facts alleged in support
of probable cause amount to nothing more than the uncorroborated hearsay statements
of some unnamed person of unknown reliability. Under the totality of the circumstances,
the strong nature of the basis of knowledge factor, i.e., personal observation, is not
sufficient to compensate for the complete lack of the veracity factor or other indicia of
reliability. While "a deficiency in one [prong] may be compensated for, in determining the
overall reliability of a tip, by a strong showing as to the other, or by some other indicia of
reliability," the warrant must contain "sufficient information" to allow the issuing magistrate
to determine probable cause because the magistrate's action "cannot be a mere ratification
of the bare conclusions of others." Gates, 462 U.S. at 232, 238–39. 
          The conclusory phrase "reliable source" is clearly insufficient to establish the
informant's reliability.


 This statement is nothing more than the bare-bones conclusion of
the affiant. In general, a mere anonymous tip, standing alone, will not establish probable
cause. State v. Steelman, 93 S.W.3d 102, 108 (Tex. Crim. App. 2002). The police can
provide other indicia of reliability by independent corroboration of the informant's
information.


 However, corroboration of only innocent details is usually insufficient.


 In this
case, the affidavit contains no alleged facts that serve to corroborate the informant's
information.


 The affidavit did not allege the police had obtained correct information from
this informant in the past.


 The issuing magistrate was presented with no facts from which
he could have concluded that the informant or the informant's story was reliable. 
          While the affiant may have had sufficient information in his possession to constitute
probable cause, the warrant presented to the magistrate did not contain sufficient facts to
constitute probable cause. The strong showing of the basis of knowledge factor, i.e.,
personal observation, is not sufficient to compensate for the complete lack of the veracity
factor or other indicia of reliability under the totality of the circumstances of this case.



          The State argues the magistrate had a substantial basis to determine there was
probable cause because the source of the information was a private citizen whose only
contact with the police was to witness the crime. The State introduced evidence at the
suppression hearing that the source was a private citizen whose only contact with the
police was to report the crime in question.


 Courts have held that information provided by
private citizens whose only contact with the police was to witness the crime is presumed
to be reliable. Marquez v. State, 725 S.W.2d 217, 233 (Tex. Crim. App. 1987), overruled
on other grounds, Moody v. State, 827 S.W.2d 875, 892 (Tex. Crim. App. 1992); Morris v.
State, 62 S.W.3d 817, 824 (Tex. App.—Waco 2001, no pet.); see also State v. Wester,
109 S.W.3d 824, 826–27 (Tex. App.—Dallas 2003, no pet.) (person under investigation
by police not presumed reliable). The Supreme Court has suggested that "if an
unquestionably honest citizen comes forward with a report of criminal activity -- which if
fabricated would subject him to criminal liability -- we have found rigorous scrutiny of the
basis of his knowledge unnecessary." Gates, 462 U.S. at 233–34. If the affidavit had
alleged that the reliable source was reliable because she was a private citizen whose only
contact with the police was to witness the crime, the State's argument may be correct. 
          The State's argument fails, though, because the affidavit failed to mention that the
reliable source was a private citizen whose only contact with the police was to witness the
crime. A substantial basis for the magistrate's determination of probable cause must be
contained within the four corners of the probable cause affidavit.


 Because the magistrate
is confined to the four corners of the affidavit in determining probable cause, the state
cannot supplement the probable cause affidavit with additional information not contained
in the affidavit. Testimony at a hearing on a motion to suppress cannot be used to remedy
defects in a warrant. Barraza, 900 S.W.2d at 843. Such testimony was not before the
magistrate when he issued the warrant. Therefore, the presumption of reliability inherent
in a report from a private person without prior contact with the police does not apply in this
case.
          Elardo's remaining argument is that the phrase "visual material" in the probable
cause portion of the affidavit does not reference any other portion of the affidavit regarding
what type of visual material was observed. Elardo argues that the issuing magistrate is
"left to simply wonder or guess what the nature of the visual material might include." The
issuing magistrate may draw reasonable inferences from the facts contained in the
affidavit. Gibbs, 819 S.W.2d at 830. The magistrate was entitled to reasonably infer that
the visual material observed was child pornography. 
          Even after granting great deference to the issuing magistrate's determination, we
are unable to conclude that a substantial basis existed for the magistrate to conclude that
probable cause existed. A substantial basis for determining probable cause cannot be
based solely on the uncorroborated hearsay statements of an unidentified person of
unknown reliability. Under the "totality of the circumstances," the brevity of the probable
cause section of the affidavit, the complete lack of any information related to the veracity
of the informant, and the complete absence of corroboration or other indicia of reliability
prevent the warrant from having a substantial basis on which the issuing magistrate could
have determined that probable cause existed. 
The Magistrate Did Have Authority To Issue the Search Warrant
          In his second point of error, Elardo argues that the issuing magistrate lacked
authority to issue the search warrant. The search warrant in this case was issued by a
justice of the peace in Upshur County. The record before us indicates the issuing
magistrate is not an attorney. Because the issuing magistrate was not an attorney, Elardo
contends the magistrate did not have authority under Article 18.02(d) of the Texas Code
of Criminal Procedure. 
          The issuance of a search warrant is governed by Articles 18.01 and 18.02 of the
Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. arts. 18.01, 1802
(Vernon Supp. 2004–2005). Article 18.01(c) provides in pertinent part:
Except as provided by Subsections (d) and (i) of this article, only a judge of
a municipal court of record or county court who is an attorney licensed by the
State of Texas, statutory county court, district court, the Court of Criminal
Appeals, or the Supreme Court may issue warrants pursuant to Subdivision
(10), Article 18.02 of this code.

Tex. Code Crim. Proc. Ann. art. 18.01(c).


 Subdivision (10) of Article 18.02 states a
warrant may be issued to search for and seize "property or items, except the personal
writings by the accused, constituting evidence of an offense or constituting evidence
tending to show that a particular person committed an offense." Tex. Code Crim. Proc.
Ann. art. 18.02(10). The question before this Court is whether the warrant was an
evidentiary warrant under Article 18.02(10). 
          Although the State argued during the pretrial hearing that the search warrant was
issued under Article 18.02(6), we must affirm the decision of the trial court if it is correct
under any theory of law.


 On appeal, the State argues that the search warrant was issued
under Article 18.02(8) which allows searches for "any property the possession of which is
prohibited by law." Tex. Code Crim. Proc. Ann. art. 18.02(8). Possession of child
pornography is prohibited by law. Tex. Pen. Code Ann. § 43.26 (Vernon 2003). However,
Elardo contends that, because the police seized items that were not prohibited by law, i.e.,
the computers and disks, the warrant was an evidentiary warrant under Article 18.02(10).
          The Corpus Christi Court of Appeals addressed a similar argument in Mason v.
State, 838 S.W.2d 657 (Tex. App.—Corpus Christi 1992, pet. ref'd). The defendant in
Mason argued that a warrant which authorized the seizure of a package containing
narcotics was an evidentiary warrant since it authorized the seizure of a box. Id. at 659. 
The Corpus Christi Court of Appeals rejected the argument and held the warrant was
issued pursuant to Article 18.02(7), which authorizes the issuance of search warrants for
controlled substances. Id. at 660; see Tex. Code Crim. Proc. Ann. art. 18.02(7). While
the possession of computers, floppy disks, and CDs are not prohibited by law, the items
stored therein are. Since the images were digital, the police seized the computers, disks,
and CDs on which the images were stored. Because the object of the warrant was
property that was prohibited by law, the warrant was issued under Article 18.02(8). We
overrule Elardo's second point of error.
Conclusion
          Although the magistrate had authority to issue the search warrant in question, the
issuing magistrate did not have a substantial basis to conclude probable cause existed for
the search. Even though the affidavit in support of the warrant alleged sufficient facts for
the issuing magistrate to conclude that the informant's basis of knowledge was reliable, the
affidavit contained no facts that would allow the magistrate to conclude the information or
the informant was reliable. In addition, the affidavit included no facts corroborating the
informant's story or other indicia of reliability. Giving great deference to the issuing
magistrate's determination, insufficient facts were alleged to give the issuing magistrate a
substantial basis to determine probable cause existed to justify the search under the totality
of the circumstances. 
          We reverse the judgment of the trial court and remand for further proceedings
consistent with this opinion.


                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      February 1, 2005
Date Decided:         March 17, 2005

Publish


OPINION ON REHEARING

          The State has filed a motion for rehearing in which it contends this Court concluded
that the affidavit supporting the search warrant contained an anonymous tip. According
to the State, the magistrate could infer from the affidavit that it was based on more than
a mere anonymous tip. Because the probable cause section of the affidavit states that
"[t]he reliable source advised that he/she has known the above party for a number of years
. . . .," the State asserts the magistrate could reasonably infer that the "reliable source" was
a family member or friend, not an anonymous source. 
          Even if the issuing magistrate could reasonably infer that the source was a family
member or friend based on such source having "known [Elardo] for a number of years,"
there are insufficient facts for the private citizen exception to apply. Assuming the issuing
magistrate could have reasonably inferred that the source was a family member or friend,
the source could still have been anonymous. The affidavit does not allege how the source
asserted he or she had known "the above party." An anonymous informant could have
asserted that he or she had known the suspect for a number of years without revealing the
informant's identity to the officer. An anonymous report, even if made by a private citizen,
is not sufficient to satisfy the private citizen exception.


 The mere fact that the information
came from a private citizen is not sufficient. Without the identity of the source or more
facts concerning the source, the issuing magistrate could not determine whether the source
had prior contact with the police or whether the source could be prosecuted for making a
fabricated report. See State v. Wester, 109 S.W.3d 824, 826–27 (Tex. App.—Dallas 2003,
no pet.); see also Illinois v. Gates, 462 U.S. 213, 233–34 (1983). The statement does not
reveal sufficient facts concerning the source for the private citizen exception to apply. 
Even assuming the issuing magistrate could reasonably infer the source was a family
member or friend, the private citizen exception does not apply. 
          In its motion, the State cites Johnson v. State, 803 S.W.2d 272 (Tex. Crim. App.
1990), in support of its argument.


 We believe Johnson is distinguishable. The affidavit
in Johnson contained a total of ten alleged facts giving rise to probable cause. Id. at 288. 
Many of the facts the issuing magistrate could reasonably infer were obtained by police
officers in the course of their investigation. These allegations included that fingerprints
found at the scene matched the suspect's fingerprints. Id. The affidavit contained several
sources and other indicia of reliability supporting a finding of probable cause under the
totality of the circumstances. In our case, the sole alleged source was the uncorroborated
statement of an unknown source of unknown reliability.
          Because there is no evidence concerning whether the source had prior contact with
the police or whether the source could be held liable for fabrication of the report, the private
citizen exception does not apply even if the issuing magistrate could have reasonably
inferred that the source was a family member or friend. Because the affidavit contains
insufficient statements concerning the reliability of the source or other indicia of reliability,
the issuing magistrate did not have a substantial basis to conclude probable cause existed.
          We overrule the State's motion for rehearing.



                                                                           Donald R. Ross
                                                                           Justice

Date:  April 27, 2005

Publish