Rogelio BARRAZA, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–94–010–CR.

Court of Appeals of Texas,
Corpus Christi.

May 4, 1995.

Michael E. Sieber, Victoria, for appellant.

George J. Filley, III, Dist. Atty., Victoria County, Brian D. Hendrix, Asst. Dist. Atty., Victoria, for appellee.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr. and CHAVEZ, JJ.

## OPINION

CHAVEZ, Justice.

Rogelio Barraza appeals from a conviction for misdemeanor possession of marihuana. Appellant claims the trial court erred in failing to suppress the contraband seized because the underlying affidavit for the issuance of the search warrant did not set out probable cause. We agree and reverse the trial court.

At approximately 10:30 p.m. on April 21, 1992, Thomas J. Turner, a criminal investigator for the Victoria County Sheriff's Department received information which led him to believe that marihuana may be found at appellant's residence. Thus, at 1:30 a.m., Turner appeared before Magistrate Laura A. Weiser and requested a warrant to search appellant's residence for marihuana. Turner's affidavit in support of the search warrant states in pertinent part as follows:

1.  THERE IS IN VICTORIA COUNTY, TEXAS, A SUSPECTED PLACE DESCRIBED AND LOCATED AS FOLLOWS: A mobile home located at Route 5, No. 3, Serene Drive, Victoria County, Texas, and any and all outbuildings, ve-

hicles, openings, edifices, and curtilage at said suspected place.

\*   \*   \*   \*   \*   \*

4.  On May 22, 1990, your Affiant and other members of the Victoria County Sheriff's Department executed a controlled substance search and arrest warrant, #BQG–90–82, at the suspected place. As a result of the directed search, a felony quantity of marijuana was discovered, and Rogelio Barraza, Sr., was arrested for said violation. The said Rogelio Barraza, Sr., was identified as a highlevel marijuana distributor in Victoria County.

At approximately 10:30pm [sic] on Tuesday, April 21, 1992, your Affiant was contacted by Calhoun County, Texas, Deputy Rusty Coward, who advised your affiant that he had been contacted by a reliable and credible confidential informant and advised that one Darrell Gann, a white male whose birthdate is 12–09–67, had left Port Lavaca, Calhoun Co., Texas, enroute to the suspected place for the purpose of purchasing a quantity of marijuana. Deputy Coward advised your Affiant that the said confidential informant indicated that Gann would be operating a blue 1985 Plymouth bearing Texas license plate registration 802–UHP. Deputy Coward alerted Texas Department of Public Safety Narcotics Task Force Sgt. Glenn Mize, and Coward's partner, Deputy Jim Dunlap, who proceeded to a surveillance point near FM 616 and US Hwy 87. At 10:55pm [sic], Officers Mize and Dunlap observed the suspected vehicle southbound from Placedo, Texas, utilizing the access road from FM 616; FM 616 is intersected by Serene Drive west of Placedo, Texas. At 11:11pm [sic], deputies from Calhoun County Sheriff's Department stopped the Gann's vehicle south of Placedo, Texas, and their subsequent investigation resulted in the discovery of approximately 5 pounds of suspected marijuana and the arrest of Darrell Gann.

During the course of this investigation, the said confidential informant advised Deputy Coward that Darrell Gann would

be returning to the same location that your Affiant and other Victoria County sheriff's deputies raided approximately 2 years ago. Your Affiant has determined through criminal history research that the same Rogelio Barraza, Sr., said suspected party, has, since his original sentence to the Texas Department of Criminal Justice Institutional Division, been released and, to your Affiant's knowledge, is residing at the suspected site. Based upon this affidavit, Magistrate Weiser issued the search warrant. The officers executed the warrant and arrested appellant and his wife. Appellant was indicted for felony possession. After a jury trial, he was found guilty of misdemeanor possession. Appellant appeals from this conviction.

■ In his sole point of error, appellant alleges that the trial court erred in admitting the contraband because the affidavit in support of the search warrant did not set out probable cause for the issuance of the search warrant. To test the finding of probable cause by the magistrate, we must apply the "totality of the circumstances" test adopted by the Court of Criminal Appeals. *Bower v. State,* 769 S.W.2d 887, 903 (Tex.Crim.App.), *cert. denied,* 492 U.S. 927, 109 S.Ct. 3266, 106 L.Ed.2d 611 (1989). In judging the adequacy of a search warrant affidavit, we must look within the "four corners" of the affidavit because that is what the magistrate had before her when she issued the warrant. *Cerda v. State,* 846 S.W.2d 533, 534 (Tex.App.— Corpus Christi 1993, no pet.). The task of the magistrate issuing a search warrant is to decide whether, given all the circumstances set forth in the affidavit before her, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). An affiant must present the magistrate with sufficient information to allow her to determine probable cause; a mere conclusory statement will not do. *Id.* at 239, 103 S.Ct. at 2332.

■ The veracity and basis of knowledge of persons supplying hearsay information are relevant considerations in the totality of the circumstances analysis. *Id.* at 233, 103 S.Ct. at 2329. An unnamed informant's reliability may be established by the affiant's general assertions stated in the affidavit concerning the informant's prior reliability. *Cerda,* 846 S.W.2d at 534. Furthermore, an affiant may rely on hearsay as long as a substantial basis for crediting the hearsay is presented. *Gates,* 462 U.S. at 241–42, 103 S.Ct. at 2334; *Green v. State,* 736 S.W.2d 218, 219 (Tex.App.—Corpus Christi 1987, no pet.). Thus, an informant's tip should be corroborated through the independent investigation of the police or through other sources of information. *Gates,* 462 U.S. at 241–42, 103 S.Ct. at 2334; *Green,* 736 S.W.2d at 219.

■ With respect to the reliability of the informant, affiant simply stated that he was told by Deputy Coward that Coward "had been contacted by a reliable and credible confidential informant." This is a mere conclusory statement as to the reliability of the informant. There is nothing in the affidavit to show that the informant had previously given information to Coward which had turned out to be reliable. The informant did identify a Darrell Gann who was, according to the informant, going to go to a location in Victoria County to purchase a quantity of marihuana. Again, there is nothing in the affidavit which shows how the informant had acquired the knowledge about the location where the marihuana was to be purchased or that there was any marihuana at said location. There is no corroboration. The affiant apparently sought to get around this problem by relying on the fact that Mr. Gann was arrested and found to be in possession of a quantity of marihuana. There is nothing, however, in the affidavit to show when, where, or from whom he acquired the marihuana. The affidavit also fails to show whether or not Mr. Gann's vehicle was seen at the suspected place or even on the street of the suspected location. The best the affidavit does is put the vehicle on an access road to a farm to market road which, at some point west of a town named Placedo, Texas, intersects the street on which the suspected place is located. The Gann vehicle, however, was traveling south from Placedo. It is unclear from the affidavit if the location and identity of the suspected place came from the

informant or from affiant's knowledge because of a narcotics raid that had taken place two years before.[1] If the informant knew of the suspected location because of that raid, or even knew of the raid, it is not reflected in the affidavit how she had acquired such knowledge.

The State seeks to remedy the defects in the affidavit by referring to testimony given at the motion to suppress. The testimony adduced at said hearing, however, was not before the magistrate at the time she considered the affidavit and issued the warrant. While we must apply the totality of the circumstances standard in testing the sufficiency of the affidavit, this application only goes to the circumstances included in the affidavit. *See Cerda,* 846 S.W.2d at 535 n. 3. That is why we must restrict ourselves to the "four corners" of the affidavit. While no authority requires an affiant's basis for finding an informant's reliability to be of a certain nature, affiant is required, nevertheless, to actually have some basis for concluding that the informant is credible concerning the information supplied. *See Olivarri v. State,* 838 S.W.2d 902, 905 (Tex.App.—Corpus Christi 1992, no pet.). We find that lacking here. Affiant's assertions do not establish the credibility of the informant nor do they establish probable cause upon which a search warrant could be issued. We sustain appellant's sole point of error.

Accordingly, we reverse the judgment of the trial court and remand the case for a new trial.

---

**1.** Affiant admitted at the hearing on the motion to suppress that the informant did not supply him with the exact address. Instead, affiant came up with the exact location, that is appellant's residence, himself based on his previous experience with appellant and the fact that appellant lived in the area described by Deputy Coward. Moreover, Judge Weiser testified that she believed that the affiant, and not the informant, provided the address of the suspected place.