In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00060-CR
______________________________


TONY ROY ELARDO, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 115th Judicial District Court
Upshur County, Texas
Trial Court No. 13,526


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          Tony Roy Elardo appeals his conviction by jury trial for thirty-two counts of
possession of child pornography. The sentence was enhanced to a second degree
felony due to a prior felony conviction, and the jury assessed punishment at twenty
years' imprisonment. Elardo argues the trial court erred in denying the motion to
suppress because 1) there was insufficient probable cause, and 2) the magistrate
lacked authority to issue the warrant. We reverse the judgment of the trial court
because the issuing magistrate did not have a substantial basis to determine that
probable cause existed. 
Factual Background
          Michelle Dean, the daughter-in-law of Elardo's wife, went to Elardo's home to
retrieve a television set owned by his wife. While in the house, Dean observed Elardo
viewing child pornography on his computer. Dean reported this observation to the
police. Based on the information provided by Dean, an investigator with the Gilmer
Police Department obtained a search warrant. The search warrant provided that a
"reliable source" had observed Elardo viewing child pornography in his home. Although
Dean testified at the suppression hearing, the warrant did not name Dean except as a
"reliable source," nor did the warrant provide any facts as to why the source was
reliable other than the bare-bones conclusion that the source was reliable. After the
magistrate issued the warrant, the police searched Elardo's residence pursuant to the
warrant and seized floppy disks, CDs, and four computers, that contained over 6,000
images of alleged child pornography. Elardo was indicted on forty-five counts of child
pornography. He filed a motion to suppress, which the trial court denied after a
hearing. 
Discussion
          We first address whether the magistrate who issued the search warrant had a
substantial basis to determine that probable cause existed. While the affidavit in
support of the warrant did contain facts indicating that the information may have been
obtained in a reliable manner by the informant, the warrant did not contain any facts
concerning why the information was reliable or any other indicia of reliability. Under the
totality of the circumstances, the affidavit was not sufficient to constitute a substantial
basis for determining that probable cause existed. We then address whether the
magistrate lacked authority to issue the warrant. We conclude the magistrate did have
authority to issue the warrant in question. 
The Trial Court Erred in Denying the Motion To Suppress
          Elardo argues in his first point of error that the trial court erred in denying his
motion to suppress because the warrant did not contain sufficient facts to provide a
substantial basis to determine that probable cause existed. Specifically, Elardo asserts
the warrant contains no evidence of the "reliable source's" reliability. In addition, Elardo
argues that the phrase "visual material" does not indicate what nature of visual material
was observed. The State contends the warrant was sufficient because the anonymous
informant was a private citizen. 
          We review the trial court's decision on a motion to suppress evidence by
applying a bifurcated standard of review deferring to the trial court's determination of
historical facts that depend on credibility, but reviewing de novo the trial court's
application of the law. Burke v. State, 27 S.W.3d 651, 654 (Tex. App.—Waco 2000,
pet. ref'd). We review de novo those questions not turning on credibility and
demeanor. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). Because
probable cause to support the issuance of the warrant is determined from the "four
corners" of the affidavit alone, there are no credibility choices to be made by the trial
court in examining the sufficiency of an affidavit to establish probable cause. Burke, 27
S.W.3d at 654. Thus, we review de novo the court's ruling on the motion to suppress. 
Id. We will affirm the trial court's ruling if the ruling is reasonably supported by the
record and is correct on any theory of law applicable to the case. Roberts v. State, 963
S.W.2d 894, 903 (Tex. App.—Texarkana 1998, no pet.).
          As an exception to the general rule articulated in Guzman,


 the issuing
magistrate's decision to grant the search warrant should be reviewed with a deferential
standard of review. Swearingen, 143 S.W.3d at 811. Great deference should be given
to a magistrate's determination of probable cause, and warrants should not thereafter
be invalidated through a "hypertechnical" interpretation of their supporting affidavits. 
Illinois v. Gates, 462 U.S. 213, 236 (1983). Our determination of the sufficiency of an
arrest or search warrant is limited to the four corners of the affidavit. Oubre v. State,
542 S.W.2d 875, 877 (Tex. Crim. App. 1976); Burke, 27 S.W.3d at 654. Granting great
deference to the issuing magistrate's determination, we will sustain the issuance of the
warrant if the magistrate had a substantial basis for concluding that a search would
uncover evidence of wrongdoing. Gates, 462 U.S. at 236; see Swearingen, 143
S.W.3d at 811. "If in a particular case it may not be easy to determine whether an
affidavit demonstrates the existence of probable cause, the resolution of such doubtful
or marginal cases should be largely determined by the preference to be accorded
warrants." State v. Walker, 140 S.W.3d 761, 765 (Tex. App.—Houston [14th Dist.]
2004, no pet.). We interpret affidavits for arrest or search warrants in a common-sense
and realistic manner. Gibbs v. State, 819 S.W.2d 821, 830 (Tex. Crim. App. 1991). 
The magistrate who reviews an affidavit may draw inferences from the facts contained
in it. Id. 
          The Fourth Amendment to the United States Constitution and Article I, Section 9
of the Texas Constitution guarantee the right of the people to be secure against
unreasonable searches of their persons, houses, papers, and effects. U.S. Const.
amend. IV; Tex. Const. art. I, § 9. Because of the potential unreliability of statements
given by anonymous informants, the United States Supreme Court developed the
Aguilar-Spinelli analysis, which required a two-pronged test: 1) the informant obtained
the relevant information in a reliable manner, and 2) the informant was reliable.


 In
response to "hypertechnical" interpretations of the Aguilar-Spinelli analysis, the United
States Supreme Court subsequently relaxed the rigid standards in the Aguilar-Spinelli
analysis to allow consideration of the totality of the circumstances. See Gates, 462
U.S. at 230. Because the focus of inquiry is whether the statements are sufficiently
reliable for a finding of probable cause, a deficiency in one of the two factors of
reliability of the informant may not be fatal if the totality of the circumstances indicates
reliability. Id. However, the totality of the circumstances includes the "veracity,"
"reliability," and the basis of knowledge of the informant and the informant's
information.


 "[A]n informant's 'veracity,' 'reliability,' and 'basis of knowledge' are all
highly relevant in determining the value of his report." Id.
          The warrant in this case provides no facts on which the magistrate could
conclude that the "reliable source" is reliable, nor does the warrant contain any
corroboration of the informant's information or other indicia of reliability. The warrant
only contains the conclusory and bare-bones assertion that the source is reliable. The
probable cause portion of the warrant provides in its entirety:
AFFIANT HAS PROBABLE CAUSE FOR THE SAID BELIEF BY
REASON TO [sic] THE FOLLOWING FACTS, TO WIT:
A RELIABLE SOURCE PROVIDED AFFIANT WITH
INFORMATION THAT HE/SHE HAS BEEN IN THE RESIDENCE
DESCRIBED ABOVE WITHIN LAST 12 HOURS AND HAS SEEN THE
VISUAL MATERIAL ON A COMPUTER IN THE ABOVE DESCRIBED
RESIDENCE. THE RELIABLE SOURCE ALSO WITNESSED THE
PARTY NAMED ABOVE, VIEWING THE VISUAL MATERIAL AT THAT
TIME. THE RELIABLE SOURCE ADVISED THAT HE/SHE HAS
KNOWN THE ABOVE PARTY FOR A NUMBER OF YEARS AND HAS
BEEN TOLD ON SEVERAL OCCASIONS THAT THE PARTY ABOVE
KEEPS THIS TYPE OF VISUAL MATERIAL IN THE RESIDENCE.

While the police officer had other information which, if it had been included, may have
been sufficient, our review is confined to the four corners of the affidavit.
          Although we recognize that our review under the totality of the circumstances
test must be evaluated on a case-by-case basis, we find guidance in the relevant
federal and state caselaw. Elardo cites three Texas cases—Lowery v. State, 98
S.W.3d 398 (Tex. App.—Amarillo 2003, no pet.), State v. Ozuna, 88 S.W.3d 307 (Tex.
App.—San Antonio 2002, pet. ref'd), and Barraza v. State, 900 S.W.2d 840 (Tex.
App.—Corpus Christi 1995, no pet.)—in support of his proposition that the warrant
contains insufficient facts to form a substantial basis to determine that probable cause
existed.
          In Lowery, the Amarillo Court of Appeals reversed the trial court's denial of a
motion to suppress. The informant had informed the police "that methamphetamine
was cooked within the previous 24 hours at some unmentioned place by Golden and
someone else, Golden was later found intoxicated, Golden was previously at some
unmentioned location where drug paraphernalia was seized at some time or another,
and appellant was previously arrested for possessing a controlled substance." 98
S.W.3d at 401. The informant also described the manufacturing process of
methamphetamine. Id. The court specifically noted that the affidavit did not include
whether methamphetamine or any paraphernalia related to the manufacture of
methamphetamine would be present and concluded the warrant contained too many
gaps "to be filled with guess, hope, and surmise." Id. at 402. 
          In Barraza, the Corpus Christi Court of Appeals held that the phrase "reliable and
credible confidential informant" was a mere conclusory statement. 900 S.W.2d at 842. 
The court reversed the trial court's denial of the motion to suppress since there was no
evidence of reliability, no indication how the informant knew the contraband was at the
said location, or any corroboration. Id. at 843.
          In Ozuna, the San Antonio Court of Appeals affirmed the trial court's granting of
the defendant's motion to suppress. 88 S.W.3d at 313. While a named informant said
Ozuna was a heroin supplier and would trade stolen items for drugs, the court held the
probable cause was insufficient since the affidavit contained no evidence connecting
the heroin to the premises. Id. In addition, the court noted that the affidavit presented
no evidence the informants had been used in the past and proven to be reliable. Id.
          These cases, while providing some support for Elardo's position, are
distinguishable. Nonetheless, we agree that a substantial basis did not exist in the
instant case for the issuing magistrate to determine that probable cause existed. The
facts alleged in support of probable cause amount to nothing more than the
uncorroborated hearsay statements of some unnamed person of unknown reliability. 
Under the totality of the circumstances, the strong nature of the basis of knowledge
factor, i.e., personal observation, is not sufficient to compensate for the complete lack
of the veracity factor or other indicia of reliability. While "a deficiency in one [prong]
may be compensated for, in determining the overall reliability of a tip, by a strong
showing as to the other, or by some other indicia of reliability," the warrant must contain
"sufficient information" to allow the issuing magistrate to determine probable cause
because the magistrate's action "cannot be a mere ratification of the bare conclusions
of others." Gates, 462 U.S. at 232, 238–39. 
          The conclusory phrase "reliable source" is clearly insufficient to establish the
informant's reliability.


 This statement is nothing more than the bare-bones conclusion
of the affiant. In general, a mere anonymous tip, standing alone, will not establish
probable cause. State v. Steelman, 93 S.W.3d 102, 108 (Tex. Crim. App. 2002). The
police can provide other indicia of reliability by independent corroboration of the
informant's information.


 However, corroboration of only innocent details is usually
insufficient.


 In this case, the affidavit contains no alleged facts that serve to
corroborate the informant's information.


 The affidavit did not allege the police had
obtained correct information from this informant in the past.


 The issuing magistrate
was presented with no facts from which he could have concluded that the informant or
the informant's story was reliable. 
          While the affiant may have had sufficient information in his possession to
constitute probable cause, the warrant presented to the magistrate did not contain
sufficient facts to constitute probable cause. The strong showing of the basis of
knowledge factor, i.e., personal observation, is not sufficient to compensate for the
complete lack of the veracity factor or other indicia of reliability under the totality of the
circumstances of this case.



          The State argues the magistrate had a substantial basis to determine there was
probable cause because the source of the information was a private citizen whose only
contact with the police was to witness the crime. The State introduced evidence at the
suppression hearing that the source was a private citizen whose only contact with the
police was to report the crime in question.


 Courts have held that information provided
by private citizens whose only contact with the police was to witness the crime is
presumed to be reliable. Marquez v. State, 725 S.W.2d 217, 233 (Tex. Crim. App.
1987), overruled on other grounds, Moody v. State, 827 S.W.2d 875, 892 (Tex. Crim.
App. 1992); Morris v. State, 62 S.W.3d 817, 824 (Tex. App.—Waco 2001, no pet.); see
also State v. Wester, 109 S.W.3d 824, 826–27 (Tex. App.—Dallas 2003, no pet.)
(person under investigation by police not presumed reliable). The Supreme Court has
suggested that "if an unquestionably honest citizen comes forward with a report of
criminal activity -- which if fabricated would subject him to criminal liability -- we have
found rigorous scrutiny of the basis of his knowledge unnecessary." Gates, 462 U.S. at
233–34. If the affidavit had alleged that the reliable source was reliable because she
was a private citizen whose only contact with the police was to witness the crime, the
State's argument may be correct. 
          The State's argument fails, though, because the affidavit failed to mention that
the reliable source was a private citizen whose only contact with the police was to
witness the crime. A substantial basis for the magistrate's determination of probable
cause must be contained within the four corners of the probable cause affidavit.


 
Because the magistrate is confined to the four corners of the affidavit in determining
probable cause, the state cannot supplement the probable cause affidavit with
additional information not contained in the affidavit. Testimony at a hearing on a motion
to suppress cannot be used to remedy defects in a warrant. Barraza, 900 S.W.2d at
843. Such testimony was not before the magistrate when he issued the warrant. 
Therefore, the presumption of reliability inherent in a report from a private person
without prior contact with the police does not apply in this case.
          Elardo's remaining argument is that the phrase "visual material" in the probable
cause portion of the affidavit does not reference any other portion of the affidavit
regarding what type of visual material was observed. Elardo argues that the issuing
magistrate is "left to simply wonder or guess what the nature of the visual material might
include." The issuing magistrate may draw reasonable inferences from the facts
contained in the affidavit. Gibbs, 819 S.W.2d at 830. The magistrate was entitled to
reasonably infer that the visual material observed was child pornography. 
          Even after granting great deference to the issuing magistrate's determination, we
are unable to conclude that a substantial basis existed for the magistrate to conclude
that probable cause existed. A substantial basis for determining probable cause cannot
be based solely on the uncorroborated hearsay statements of an unidentified person of
unknown reliability. Under the "totality of the circumstances," the brevity of the probable
cause section of the affidavit, the complete lack of any information related to the
veracity of the informant, and the complete absence of corroboration or other indicia of
reliability prevent the warrant from having a substantial basis on which the issuing
magistrate could have determined that probable cause existed. 
The Magistrate Did Have Authority To Issue the Search Warrant
          In his second point of error, Elardo argues that the issuing magistrate lacked
authority to issue the search warrant. The search warrant in this case was issued by a
justice of the peace in Upshur County. The record before us indicates the issuing
magistrate is not an attorney. Because the issuing magistrate was not an attorney,
Elardo contends the magistrate did not have authority under Article 18.02(d) of the
Texas Code of Criminal Procedure. 
          The issuance of a search warrant is governed by Articles 18.01 and 18.02 of the
Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. arts. 18.01, 1802
(Vernon Supp. 2004–2005). Article 18.01(c) provides in pertinent part:
Except as provided by Subsections (d) and (i) of this article, only a judge
of a municipal court of record or county court who is an attorney licensed
by the State of Texas, statutory county court, district court, the Court of
Criminal Appeals, or the Supreme Court may issue warrants pursuant to
Subdivision (10), Article 18.02 of this code.

Tex. Code Crim. Proc. Ann. art. 18.01(c).


 Subdivision (10) of Article 18.02 states a
warrant may be issued to search for and seize "property or items, except the personal
writings by the accused, constituting evidence of an offense or constituting evidence
tending to show that a particular person committed an offense." Tex. Code Crim. Proc.
Ann. art. 18.02(10). The question before this Court is whether the warrant was an
evidentiary warrant under Article 18.02(10). 
          Although the State argued during the pretrial hearing that the search warrant was
issued under Article 18.02(6), we must affirm the decision of the trial court if it is correct
under any theory of law.


 On appeal, the State argues that the search warrant was
issued under Article 18.02(8) which allows searches for "any property the possession of
which is prohibited by law." Tex. Code Crim. Proc. Ann. art. 18.02(8). Possession of
child pornography is prohibited by law. Tex. Pen. Code Ann. § 43.26 (Vernon 2003). 
However, Elardo contends that, because the police seized items that were not
prohibited by law, i.e., the computers and disks, the warrant was an evidentiary warrant
under Article 18.02(10).
          The Corpus Christi Court of Appeals addressed a similar argument in Mason v.
State, 838 S.W.2d 657 (Tex. App.—Corpus Christi 1992, pet. ref'd). The defendant in
Mason argued that a warrant which authorized the seizure of a package containing
narcotics was an evidentiary warrant since it authorized the seizure of a box. Id. at 659. 
The Corpus Christi Court of Appeals rejected the argument and held the warrant was
issued pursuant to Article 18.02(7), which authorizes the issuance of search warrants
for controlled substances. Id. at 660; see Tex. Code Crim. Proc. Ann. art. 18.02(7). 
While the possession of computers, floppy disks, and CDs are not prohibited by law,
the items stored therein are. Since the images were digital, the police seized the
computers, disks, and CDs on which the images were stored. Because the object of
the warrant was property that was prohibited by law, the warrant was issued under
Article 18.02(8). We overrule Elardo's second point of error.
Conclusion
          Although the magistrate had authority to issue the search warrant in question,
the issuing magistrate did not have a substantial basis to conclude probable cause
existed for the search. Even though the affidavit in support of the warrant alleged
sufficient facts for the issuing magistrate to conclude that the informant's basis of
knowledge was reliable, the affidavit contained no facts that would allow the magistrate
to conclude the information or the informant was reliable. In addition, the affidavit
included no facts corroborating the informant's story or other indicia of reliability. Giving
great deference to the issuing magistrate's determination, insufficient facts were alleged
to give the issuing magistrate a substantial basis to determine probable cause existed
to justify the search under the totality of the circumstances. 
          We reverse the judgment of the trial court and remand for further proceedings
consistent with this opinion.


                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      February 1, 2005
Date Decided:         March 17, 2005

Publish