

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. PD-0674 / 0675 / 0676-11

### RIO SHAREESE JONES, Appellant

### v.

### THE STATE OF TEXAS

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE FIRST COURT OF APPEALS GALVESTON COUNTY

**MEYERS, J., filed a dissenting opinion.**

## DISSENTING OPINION

The affidavit here does not specifically state the time that narcotics were observed at the home, thus, the magistrate could not have determined that probable cause existed that evidence would be found on the premises. The majority relies on a "continuing criminal operation" theory to bolster the sufficiency of the affidavit. The opinion suggests that only a few events must be included in an affidavit to find that there is an ongoing operation. My concern is that courts will determine that there is a continuing criminal

operation any time officers have more than one encounter or mention of a defendant. In my opinion, the affidavit does not show an ongoing criminal operation. Since the information in the affidavit was stale, the evidence obtained through the search was inadmissible. I would reverse the judgment and remand for a new trial.

The majority allows the State to get away with an insufficient affidavit by relying on this continuing criminal operation theory. If we are now allowing warrants based on an application that does not meet our typical specificity standards to be issued under this concept, we should require that the affiant clearly indicate that the evidence shows an ongoing operation. We are flexible with our warrant requirements in other situations, but the affidavit must clearly meet certain standards. For instance, if an informant wishes to stay confidential, we do not require that the affiant reveal the name of the informant as long as the affidavit demonstrates prior reliability of the informant, and the police corroborate the informant's statements. *See Illinois v. Gates*, 462 U.S. 213, 241-42 (1983); *Barraza v. State*, 900 S.W.2d 840, 842 (Tex. App.—Corpus Christi 1995, no pet.). Also, we allow "no-knock" warrants if the affiant supplies information indicating that announcing the presence of officers would be dangerous or futile, or it would inhibit the effective investigation of a crime. *Richards v. Wisconsin*, 520 U.S. 385, 392-94 (1997). If this Court must rely on the ongoing criminal operation theory, we should require that the affiant bring the doctrine to the attention of the magistrate as we do in these other situations, rather than just inferring the theory from the facts of the affidavit.

The magistrate can then determine if the evidence presented rises to the level of an ongoing criminal operation.

We recently suggested that an inadequate warrant can support a probable cause finding if there is additional evidence of ongoing drug activity at a residence. *State v. McLain*, 337 S.W.3d 268, 273-74 (Tex. Crim. App. 2011). The affidavit in *McLain* failed to clearly demonstrate when the investigation of the appellant began or when an informant saw the appellant in possession of drugs, but nevertheless, we determined that there were sufficient facts in the affidavit to allow the magistrate to reasonably conclude that drugs would still be at the premises to be searched. *Id.* at 269-70, 273. This Court noted that the passage of time is less significant "where the affidavit *properly* recites facts indicating activity of a protracted and continuous nature . . . ." *Id.* at 274 (*citing United States v. Johnson*, 461 F.2d 285, 287 (10th Cir. 1972)) (emphasis added).

However, the evidence of an ongoing operation was much more evident in *McLain* than we see here. In *McLain*, the affidavit indicates that the affiant began an investigation after several callers to a crime line provided information that McLain was selling and storing methamphetamine and buying or taking stolen items as payment for the drugs. *Id.* at 269-70. The affiant was familiar with the appellant as a drug user and had seen the appellant with other users and dealers who were under investigation by the affiant at that time. *Id.* at 270. The affiant set up surveillance and saw signs of narcotics trafficking, gathered the same information from additional confidential informants, and finally

received the last tip within the 72 hours prior to the warrant request. *Id.* Taken together, this evidence indicates a recent, ongoing investigation.

I have read the affidavit here ten times and cannot find the continuing operation that the majority "infers" from the affidavit. The numerous contacts in *McLain* support the ongoing operation theory much more suitably than the minimal contacts here. If only two informants and a controlled buy suffice, nearly any early investigation will do.[1] The majority opens the door to a lower standard by going this route. The warrant here did not support a general finding of probable cause since it lacked a time frame, nor did it demonstrate to the magistrate that there was an ongoing criminal operation.

The majority allows the State to bootstrap the continuing operation theory on appeal, when the evidence and theory should have been presented to the magistrate within the four corners of the affidavit. The majority opinion has important consequences because it sends a message to law enforcement that a poorly written affidavit without sufficient facts will be supported by the judiciary. This decision will cause confusion by encouraging a lower probable cause standard and allowing seemingly illegal searches to stand. The majority has set a new standard by allowing insufficient probable cause to pass muster without requiring that the affiant notify the magistrate that they are operating under this theory. This is contrary to our standards for no-knock warrants and confidential

---

[1]The magistrate obviously did not issue the warrant based on the continuing criminal operation theory because it was not brought forth by the State until the trial court's suppression hearing on probable cause for the warrant.

informants since the majority here does not require a specific showing to the magistrate, unlike what we demand in those other instances.

I, for one, am not buying into this idea that you can "infer" a continuing operation theory. The concept should have been clearly stated and reviewed by the magistrate in order to support the issuance of the warrant. The affidavit here failed to provide a time frame to support a standard probable cause finding, it did not demonstrate an ongoing criminal operation, and the affiant did not bring the ongoing operation theory to the attention of the magistrate. Therefore, I cannot find that the warrant was sufficient to support the search. I would reverse the judgment and remand for a new trial.

Meyers, J.

Filed: March 28, 2012

Publish