

# NUMBER 13-11-00102-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CEDRIC HALL,                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                            Appellee.

### On appeal from the 319th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Vela, and Perkes
### Memorandum Opinion by Justice Benavides

Appellant Cedric Hall appeals his jury conviction for the lesser-included offense of

possession of cocaine (one gram or more, but less than four grams), a third-degree

felony.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2010).  Based on

two enhancements from two prior felony convictions, the jury sentenced Hall to

thirty-three years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2011). By two issues, Hall asserts that (1) trial counsel was ineffective in his representation of Hall for not pursuing a motion to suppress; and (2) the evidence was legally and factually insufficient to prove beyond a reasonable doubt that Hall possessed cocaine (one gram or more, but less than four grams). We affirm.

## I.     BACKGROUND

On August 3, 2010, Corpus Christi police facilitated a "controlled buy" of crack cocaine between a confidential informant and Hall at an apartment where known drug activity took place. Based on the information from the investigation, Corpus Christi Police Officer Albert Leal Jr. subsequently requested and obtained a search warrant for an apartment on Erwin Avenue and an arrest warrant for Hall. On August 4, 2010, undercover Corpus Christi Police Officer William Livingston set up surveillance of the suspected apartment prior to the search. Officer Livingston was ordered to radio a marked patrol unit to pull over a tan pickup if it left the apartment where it was parked. About twenty minutes into his surveillance, Officer Livingston observed the tan pickup leave the area. Officer Livingston trailed the tan pickup in his unmarked vehicle, radioed a patrol unit to pull the vehicle over, and notified the patrol officers that they had an arrest warrant for the occupant of the vehicle if it was Hall.

A patrol unit subsequently pulled over the tan pickup and asked the driver to exit the vehicle. During the stop, Officer Livingston remained in his unmarked police vehicle and parked approximately twenty-five feet from the area of the stop. Officer Livingston

2

identified the driver of the tan pickup as Hall.   At trial, the State elicited the following testimony from Officer Livingston about the stop:

> PROSECUTOR:   And could you view that area before Mr. Hall was standing there?
>
> LIVINGSTON:   Yes.   I parked where I could see the side of the vehicle, because the officer that made the stop hadn't—didn't have his uniform backup, yet.   So, in case anything happened, I wanna position myself, so I can exit the vehicle and run up and help.
>
> PROSECUTOR:   As backup.
>
> LIVINGSTON:   Yes.
>
> PROSECUTOR:   Okay.   And did you notice anything on the ground in that area?
>
> LIVINGSTON:   At that time, when he come [sic] out of the vehicle, I didn't see anything on the ground.
>
> PROSECUTOR:   Okay.   And do you notice anything about the stop after he got out and he was detained?
>
> LIVINGSTON:   As they were talking to him, the officer went to handcuff and move him.   And when the officer tried to move him, it was like he was glued to the ground.   He didn't wanna move from the spot he was at, standing on.

Officer Livingston then testified that after the patrol officers moved Hall to the back of the patrol unit, he observed a clear plastic bag on the ground where Hall had been standing.   A field test of the 2.62 grams of substance inside the clear plastic bag revealed it to be cocaine base.   The police officers transported Hall back to the Erwin Avenue apartment where police executed the search warrant.   At the apartment, police arrested Surleslie Hall, Tyrone Skinner, and Weslie Coats.   Police did not recover any of the suspected drugs during a search of the apartment.

3

Hall was subsequently indicted under the Texas Controlled Substances Act, section 481.115, for unlawful possession of cocaine (four grams or more but less than 200 grams). *See* TEX. HEALTH & SAFETY CODE ANN. §481.115(d) (West 2010). Hall was tried in front of a Nueces County jury, which found him guilty of the lesser-included offense of unlawful possession of cocaine (one gram or more but less than four grams). The jury later assessed punishment of thirty-three years' imprisonment based on two enhanced allegations. *See* TEX. PENAL CODE ANN. § 12.42(d). This appeal ensued after Hall's motion for new trial was overruled by operation of law.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

In his first issue, Hall contends that trial counsel was ineffective in his representation because he failed to both file and argue a motion to suppress the search and arrest warrant of Hall.

### A. Standard of Review and Applicable Law

To prevail on a claim of ineffective assistance of counsel, a defendant bears the burden of proving his allegations by a preponderance of the evidence. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984)). A defendant must develop facts and details of the search and arrest sufficient to include that the search and arrest was invalid. *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (en banc).

We use the United States Supreme Court's two-pronged *Strickland* test to determine whether counsel's representation was inadequate to the extent that it violated Hall's Sixth Amendment right to counsel. We examine: (1) whether counsel's representation fell below the standard of prevailing professional norms; and (2) there is a

4

reasonable probability that, but for counsel's deficiency, the result of the trial would be different. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *See Thompson*, 9 S.W.3d at 812–13; *Ketchum v. State*, 199 S.W.3d 581, 595 (Tex. App.—Corpus Christi 2006, pet. ref'd). We review ineffective assistance of counsel issues on a case-by-case basis by looking to the "totality of the representation and particular circumstances of each case." *Thompson*, 9 S.W.3d at 813. Finally, our review must be highly deferential to trial counsel by recognizing the "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance," to "avoid the deleterious effects of hindsight." *Id.* (citing *Strickland*, 466 U.S. at 668; *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984) (en banc)).

## B. Discussion

Hall alleges that his trial counsel's failure to pursue a motion to suppress evidence and contest his arrest was deficient because the warrant at issue lacked probable cause. In order to satisfy *Strickland*, Hall must have produced evidence that could defeat the presumption of proper police conduct and prove that a motion to suppress would have been granted. *See Jackson*, 973 S.W. at 957 (citing *Russell v. State*, 717 S.W.2d 7, 9 (Tex. Crim. App. 1986); *Roberson v. State*, 852 S.W.2d 508, 510–12 (Tex. Crim. App. 1993)).

A presumption of proper police conduct exists and evidence must be introduced to rebut it. *See Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). In this case, it is undisputed that Hall's arrest and the subsequent search at Erwin Avenue was the product of a search and arrest warrant issued on August 4, 2010. Hall centers his argument on trial counsel's failure to file a motion to suppress because it lacked probable

cause. "Probable cause for a search warrant exists if, under the totality of the circumstances presented to the magistrate, there is at least a 'fair probability' or 'substantial chance' that contraband or evidence of a crime will be found at the specified location." *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010). In our review, we look at the totality of the circumstances and within the "four corners" of the affidavit. *See Barraza v. State*, 900 S.W.2d 840, 842 (Tex. App.—Corpus Christi 1995, no pet.).

Hall contends that Officer Leal's affidavit, made the basis of the search and arrest warrant, contains conclusory statements, lacks facts which tie Hall to the searched property, and fails to show the informant's credibility. We disagree. While we recognize that Officer Leal's statement in the affidavit that the informant is "credible and reliable" is conclusory and inadequate by itself to establish probable cause, *see Barraza*, 900 S.W.2d at 842, we cannot ignore the details which follow that statement to provide a sufficient basis to establish probable cause. *Id.* Officer Leal's affidavit relies heavily on the controlled buy to show probable cause to obtain the search and arrest warrant. In the affidavit, Officer Leal details that the controlled buy was facilitated by he and Officer Ira Herrero meeting the informant prior to the buy, searching the informant for drugs and money, and giving the informant money to purchase cocaine base from Hall at the Erwin Avenue apartment. Furthermore, Officer Leal's affidavit notes that he observed the informant enter the apartment, and that after the purchase, the informant met the officers with a "beige rock like substance," which later field-tested for cocaine base. We conclude that this information presented enough corroboration for the magistrate to tie Hall to the property, the sale of the cocaine base, and bolster the informant's credibility for purposes of establishing probable cause to issue the warrants.

*See Salazar v. State*, 806 S.W.2d 291, 294 (Tex. App.—Amarillo 1991, no pet.) (detailing the reliability of using a "controlled buy" to support a finding of probable cause). Because Hall did not meet the *Strickland* burden to establish that his arrest or search lacked probable cause and that a motion to suppress would have been granted, we overrule his first issue.

### III.    LEGAL SUFFICIENCY OF THE EVIDENCE

In his second issue, Hall asserts that the evidence is legally insufficient to support his conviction of unlawful possession of a controlled substance beyond a reasonable doubt.

### A.    Standard of Review

Having found little distinction between a factual and legal sufficiency analysis, the Court of Criminal Appeals has held that the *Jackson v. Virginia* legal-sufficiency standard "is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)).[1]    Accordingly, we apply the *Jackson* standard to our review and inquire whether "considering all of the evidence in the light most favorable to the verdict, was a jury rationally justified in finding guilt beyond a reasonable doubt?" *Brooks*, 323 S.W.3d at 899.    In our analysis, we are to "defer to the jury's credibility and weight

---

[1]    While Hall appeals on both legal and factual sufficiency, the court of criminal appeals has held that there is "no meaningful distinction" between the legal-sufficiency standard and the factual-sufficiency standard. *Brooks*, 323 S.W.3d at 902.   Accordingly, we apply only the *Jackson v. Virginia* standard when conducting a sufficiency analysis.    *Id.*

determinations because the jury is the sole judge of the witnesses' credibility and the weight given to their testimony." *Id.*

"[S]ufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (en banc); *Trevino v. State*, 228 S.W.3d 729, 736 (Tex. App.—Corpus Christi 2006, pet. ref'd).

## B.    Discussion

A person commits the third-degree felony of unlawful possession of a controlled substance if he:

> (1) knowingly or intentionally;
>
> (2) possesses a controlled substance listed in Penalty Group 1, unless the person obtained the substance directly from or under a valid prescription or order of a practitioner acting in the course of professional practice;
>
> (3) if the amount of the controlled possession possessed is, by aggregate weight, including adulterants or dilutants, one gram or more but less than four grams

*See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.115(a), (c); 481.102(3)(D) (West 2010).

Hall argues solely that the State cannot show possession because (1) he did not have exclusive control over the public area where the contraband was found; (2) he made no furtive gestures; and (3) there is no evidence he threw or dropped the contraband on the ground.    We disagree.    "To prove unlawful possession of a

8

controlled substance, the State must prove that: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband." *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). This evidence—whether direct or circumstantial—must establish "to the requisite level of confidence that the accused's connection with the drug was more than just fortuitous." *Id.* at 406. This so-called "affirmative-links rule" helps protect innocent bystanders from conviction based solely on "fortuitous proximity" to someone else's drugs. *Id.* In this court's review of the record, we determine "only if any rational trier of fact could have—based on all of the evidence admitted at trial (including any unobjected-to hearsay)—found the essential elements of the offense beyond a reasonable doubt." *Id.* at 406–07.

Here, while the State admits in its brief that Officer Livingston did not actually see Hall throw or drop the cocaine, a logical inference can nonetheless be drawn that (1) nothing was on the ground when Hall exited his pickup, and (2) after he was placed in the patrol unit, a bag of cocaine appeared in the area where he was previously standing. Considering that Officer Livingston was twenty-five feet away from the scene, the jury was well within its discretion to judge Officer Livingston's credibility and weigh the value of his observations. *Id.* at 406. Furthermore, while it is true that Hall did not have exclusive control over the public street where the contraband was found, Officer Livingston testified that Hall acted as if he was glued to the ground when the patrol officers attempted to move him, and when they did, the bag of cocaine base appeared on the road. Hall's resistance to movement, which could be interpreted as a furtive gesture, coupled with Officer Livingston's observations, would affirmatively link him to

9

the cocaine found on the road where he was previously standing.[2]  We conclude that Officer Livingston's observations, Hall's behavior after he was handcuffed, and the fact that Hall had a pending arrest warrant for dealing cocaine base drugs at the time the cocaine was found constituted enough independent facts and circumstances to affirmatively link him to the contraband and allow a jury to find the essential elements of the charged offense beyond a reasonable doubt.  *See Poindexter*, 153 S.W.3d at 405–07.  Accordingly, Hall's second issue is overruled.

## IV. CONCLUSION

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of May, 2012.

---

[2] We note Hall's reliance on *Williams*, but find it distinguishable from the present case because in *Williams*, no evidence of furtive gestures toward the cocaine or resistance to the police officers was offered as in this case.  *See Williams v. State*, 859 S.W.2d 99, 101 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd).

10