

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JOSE EDUARDO OROZCO a/k/a JOSE MARTINEZ OROZCO, | § § | No. 08-12-00051-CR |
| Appellant, | § | Appeal from the |
| v. | § | Criminal District Court No. 1 |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § § | (TC# 1208005D) |

**O P I N I O N**

Jose Orozco appeals from the trial court's judgment convicting him of unlawful possession of cocaine in an amount of four grams or more, but less than two hundred grams, with intent to deliver, and sentencing him to 30 years' imprisonment.[1]   In a single issue, Orozco contends that the trial court erred by denying his motion to suppress evidence found pursuant to a search warrant because the search warrant affidavit failed to meet the minimum requirements to establish probable cause.   We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 4, 2010, a magistrate found that probable cause existed to support the issuance of

---

[1] This is a companion case to Cause No. 08-12-00052-CR and, like it, involves the same issue on appeal.

a search warrant for a residence located at 2307 Dell Street, Fort Worth, Texas. The magistrate's probable-cause determination was based on the affidavit of Fort Worth Police Officer Alfredo Dominguez.

Officer Dominguez's affidavit recited, in April 2010, he received a tip from a confidential informant that a Hispanic male named Jose Martinez Orozco was trafficking methamphetamine and cocaine from the Dell Street residence. Officer Dominguez averred, during the next two months, he conducted surveillance on the residence, observed activity consistent with the sale and distribution of illegal drugs, and used a reliable and confidential informant to make two controlled buys, one of cocaine and one of methamphetamine, from the residence.[2] Officer Dominguez stated that when he met with the informant after each purchase, the informant told him that the narcotics were purchased from "Jose Orozco" while inside the residence. Officer Dominguez further stated, after he obtained a photograph of a man named Jose Martinez Orozco, he identified Orozco as the Hispanic male he had observed exit the residence on the date the informant purchased cocaine.

After Officer Dominguez obtained the warrant to search the Dell Street residence for cocaine and methamphetamine, SWAT officers executed it. Upon entering the residence, one of the SWAT officers saw Orozco throw an item out of a window. The item recovered directly beneath that window was a baggie of cocaine. Larger quantities of cocaine and methamphetamine were found inside the residence.

## MOTION TO SUPPRESS EVIDENCE

Orozco contends that Officer Dominguez's affidavit in support of the search warrant is insufficient to establish probable cause because it contains inconsistencies, half-truths, and

---

[2] The informant purchased cocaine on May 11 and methamphetamine on June 2.

2

conclusory statements as to the reliability and credibility of the informant.   We disagree.

## *Standard of Review*

When reviewing a magistrate's probable cause determination, we apply the deferential standard of review articulated by the United States Supreme Court in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).   *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex.Crim.App. 2004).   Under that standard, we uphold the probable cause determination "so long as the magistrate had a 'substantial basis for . . . conclud[ing]' that a search would uncover evidence of wrongdoing . . . ."   *Gates*, 462 U.S. at 236, 103 S.Ct. at 2331, *quoting Jones v. United States*, 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960), *overruled on other grounds by United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980); *see Swearingen*, 143 S.W.3d at 811; *see also State v. McLain*, 337 S.W.3d 268, 271 (Tex.Crim.App. 2011); *Flores v. State*, 319 S.W.3d 697, 702 (Tex.Crim.App. 2010).

## *Applicable Law*

In determining whether sufficient facts have been presented to support probable cause for the issuance of a search warrant, we consider the totality of the circumstances set forth within the four corners of the affidavit.   *Gates*, 462 U.S. at 238, 103 S.Ct. at 2332; *State v. Bradley*, 966 S.W.2d 871, 873 (Tex.App.--Austin 1998, no pet.).   Probable cause exists when the facts presented to a magistrate sufficiently justify a determination that the object of the search is probably on the premises to be searched when the warrant is issued.   *Cassias v. State*, 719 S.W.2d 585, 587 (Tex.Crim.App. 1986); *Bradley*, 966 S.W.2d at 873.   The trial court should review the affidavit in a common sense and realistic manner instead of a hyper-technical one and make reasonable inferences from the information contained within the affidavit.   *McLain*, 337 S.W.3d

3

at 272; *see also Davis v. State*, 202 S.W.3d 149, 154 (Tex.Crim.App. 2006)(affidavit must be read with common sense and in a realistic manner). In cases of doubt, we must defer to all reasonable inferences that the magistrate could have made. *Rodriguez v. State*, 232 S.W.3d 55, 61 (Tex.Crim.App. 2007).

### *Discussion*

Based on the totality of the facts and the reasonable inferences drawn from them, we conclude that the affidavit supported the magistrate's probable-cause finding. The affidavit reflects that Officer Dominguez received a tip that cocaine and methamphetamine were being sold out of the Dell Street residence and that a Hispanic male named Jose Martinez Orozco was involved. Officer Dominguez used police records to identify Orozco as the Hispanic male he observed exiting the residence. Further, the affidavit reflects, on two separate occasions, Officer Dominguez used an informant, whom he describes as credible and reliable, to effectuate two controlled buys from Orozco – both times confirming by presumptive drug testing that the substances purchased from the residence were cocaine and methamphetamine. The last controlled purchase occurred two days before the search warrant was issued. Admittedly, the affidavit fails to state that the informant saw additional contraband in the residence. However, the magistrate could have reasonably inferred that additional contraband would be found from the facts highlighted above. *See Davis v. State*, 27 S.W.3d 664, 667-68 (Tex.App.--Waco 2000, pet. ref'd)(facts in affidavit supported inference that contraband were readily available for sale within residence where affiant described controlled buy); *Bodin v. State*, 782 S.W.2d 258, 259-60 (Tex.App.--Houston [14th Dist.] 1989), *rev'd on other grounds*, 807 S.W.2d 313 (Tex.Crim.App. 1991)(holding that search warrant based on informant's controlled buy provided reasonable

4

grounds to infer that additional contraband would be located inside apartment).

Attacking Officer Dominguez's affidavit paragraph by paragraph, Orozco argues that the statements concerning the reliability and credibility of the informant are conclusory because their validity cannot be corroborated or verified by any other information in the affidavit. We do not dispute that Officer Dominguez's statements in the affidavit that the informant is "credible and reliable" are conclusory and inadequate by themselves to establish probable cause. *Barraza v. State*, 900 S.W.2d 840, 842 (Tex.App.--Corpus Christi 1995, no pet.). The issue, however, is not whether there are other facts that could have, or even should have, been included in the affidavit, but whether the combined logical force of the facts in the affidavit, coupled with inferences from those facts, establish a "fair probability" that evidence of a particular crime will likely be found at a given location. *State v. Duarte*, 389 S.W.3d 349, 354-55 (Tex.Crim.App. 2012); *Rodriguez*, 232 S.W.3d at 62. Here, the affidavit contains additional details in Officer Dominguez's affidavit bolstering the conclusion that the informant was credible and reliable.

Officer Dominguez asserted that the informant had assisted in past, multiple investigations in which the informant accurately identified controlled substances, confirmed as such by testing, and that the confidential informant had provided information in the past that was correct and reliable. An assertion in an affidavit that the officer knows a confidential informant and that the confidential informant had provided reliable information in the past is sufficient to establish the reliability of the confidential informant. *Capistran v. State*, 759 S.W.2d 121, 128 (Tex.Crim.App. 1982); *Blake v. State*, 125 S.W.3d 717, 726 (Tex.App.--Houston [1st Dist.] 2003, no pet.). Further, Officer Dominguez averred, when he met with the confidential informant to perform the controlled purchases, he searched the informant without finding any illegal

5

contraband and provided the informant with U.S. currency to make the purchases. An informant's credibility and reliability concerning the delivery of narcotics may be supported, in part, by evidence of successful controlled purchases of narcotics from the defendant. *See Salazar v. State*, 806 S.W.2d 291, 294 (Tex.App.--Amarillo 1991, no pet.)("We find that a 'controlled buy' under the circumstances set out in this affidavit is sufficient evidence of the reliability of the informant's information to justify a magisterial conclusion that probable cause for issuance of a search warrant was shown.").

In light of the preceding, we hold that the trial court did not err by finding that Officer Dominguez's affidavit contained sufficient facts to justify a conclusion that a search of the residence would probably uncover cocaine and methamphetamine on the premises. *See State v. Griggs*, 352 S.W.3d 297, 300, 304 (Tex.App.--Houston [14th Dist.] 2011, pet. ref'd)(holding that affidavit reciting affiant received tip from "credible and reliable" informant, coupled with a controlled buy of alleged narcotics, sufficient to establish probable cause that narcotics would exist at residence). Orozco's sole issue on appeal is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


April 3, 2013

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)